## DANIEL WHITFORD *vs.* STEPHEN NEWELL.

It is not necessary that an agreement under which one performs labor or furnishes materials in erecting, altering or repairing a building, should be in writing, in order to entitle him to a lien under *St.* 1855, *c.* 431, § 1.

A lien for materials furnished and actually used in the erection of a building, by virtue of an agreement with the owner of land to erect the same thereon, and furnish the materials for the same, for one entire price, will attach under *St.* 1855, *c.* 431, § 1, without a special notice to the owner of the land of the intent to claim the lien.

Proceedings to establish a lien under *St.* 1855, *c.* 431, § 1, for labor performed by the petitioner by virtue of an agreement with the owner of land, will not be invalidated by his filing a certificate in the town clerk's office, containing a statement of "a just and true account of the amount due him under and by virtue of said contract," which includes the wages of journeymen employed thereon by him; and also a charge for pulling down an old building and digging a cellar for the new one, if by his contract he was to use in the erection of the new building such timber and materials of the old one as should be suitable for that purpose, and to dig the cellar.

PETITION for the enforcement of a mechanic's lien, under *St.* 1855, *c.* 431, and Gen. Sts. *c.* 150, setting forth that the petitioner had performed labor and furnished materials for the respondent under and by virtue of a verbal contract made with him on the 4th of May 1859, whereby he agreed to take down an old barn and erect a new one upon land of the respondent, and furnish all materials for the same, except that he was to use such timber and materials from the old barn as were suitable to put into the new one, and to dig and stone a cellar therefor; and to alter and repair the respondent's dwelling house; that the respondent agreed to pay him for the whole the sum of seven hundred dollars, which was still due; and that the petitioner completed the contract on his part on the 15th of June 1860,

and on the 13th of July following he filed a claim therefor, under the statutes, in the office of the clerk of the town of South bridge, claiming the whole sum of seven hundred dollars, as " a just and true account of the amount due him under and by virtue of said contract."

At the trial in the superior court, the respondent having appealed from the decision of the court overruling a demurrer to the petition, the parties agreed that the facts stated in the petition were true, and that the larger part of the labor performed, which was chiefly done by the petitioner's journeymen, and of the materials furnished, was before June 1, 1860, when the General Statutes went into effect. The respondent did not purchase the materials for which a lien is claimed, unless he is to be deemed a purchaser by reason of the above contract, and no notice was given to him that the petitioner intended to claim a lien therefor. The materials furnished amounted to about $350, and it was agreed that if the petitioner is entitled to maintain his petition, a proper judgment shall be entered for that sum.

Upon these facts, *Morton,* J. ordered judgment for the respondent, and the petitioner appealed.

*F. H. Dewey & H. Williams,* for the petitioner.

*H. D. Stone,* for the respondent.

MERRICK, J. It is admitted that the petitioner, under and in fulfilment of an agreement between him and the respondent, performed labor and furnished materials which were used in erecting a barn and in altering and repairing a dwelling house upon the premises described in the petition. This entitles him to have a lien upon the buildings, and upon the interest of the respondent in the lot of land on which they are situated, if in all other respects his proceedings were correct. It is not essential that the agreement should have been in writing. The statute provides that the lien shall exist if the work is done or the materials are furnished either by virtue of any agreement with or consent of the owner. His consent to the application of labor and the supply of materials in erecting and repairing the barn and dwelling house is a necessary implication from his agreement to pay for that work upon its completion a stipulated

36 *

compensation. *St.* 1855, *c.* 431, § 1. *Parker* v. *Bell*, 7 Gray 431.

But the respondent contends that the lien did not attach to the land and buildings for the amount or value of the materials furnished, because he was not the purchaser thereof, and was not notified by the petitioner before they were supplied of his intention to claim such lien therefor. But this position cannot be maintained. Within the meaning of the statute, upon a just construction of its provisions, he must be considered to have been the purchaser. He stipulated that they should be supplied, and he agreed to pay for them. They were therefore procured by him as the result of a bargain, and this constitutes a purchase. The statute provides that the lien shall arise for materials used in the erection or repair of buildings, if they are supplied by virtue of any agreement with, or by the consent of, any person having authority, or acting for the owner, to procure or furnish them in his behalf, as well as when they are furnished under his own agreement or consent. And the object of the proviso, under which the objection of the respondent is taken, is to provide that the owner shall have knowledge in advance of any supply of materials furnished upon the authority or with the consent of his agent, of an intention to create an incumbrance upon his estate, so that he may, if he chooses to do so, avoid or prevent it. But when he himself enters into an agreement that such materials shall be furnished, he can have no occasion for notice from the contractor of his intention to rely upon a lien for his security, since they are obtained by his own procurement, and the law expressly declares the consequences which shall result from their appropriation to the improvement and increase in value of his estate.

Nor has the lien created in favor of the petitioner upon the land and buildings, upon which he labored and furnished materials, been dissolved. Within thirty days after he ceased to labor and supply materials, he filed in the office of the clerk of the town of Southbridge, within which the premises are situated, a certificate, signed and sworn to by him, containing a statement of what he claimed to be a just and true account of

the amount due to him, and of the several other facts made requisite by the statute. The respondent insists that this certificate and the proceedings in causing it to be recorded are invalid, because in making it the petitioner knowingly and wilfully claimed more than was his due. This, however, by no means appears. On the contrary, it is not denied that, upon the complete fulfilment and execution of the contract on his part, the petitioner became entitled to demand and receive the compensation stipulated to be paid, and that there was therefore due to him, when the certificate was filed in the clerk's office, the sum of seven hundred dollars, as is therein stated. This constituted his claim, for securing payment of which he sought to establish a lien in his behalf upon the real estate. The value of the materials furnished was properly included in that claim, as has already been shown. The whole claim was made up by adding to the value of those materials a charge for the personal labor of the petitioner, and the wages of the laborers employed by him in the erection and repair of the buildings. For the amount of these wages no lien arose or attached to the real estate in his behalf, for the reason that it existed under the statute in behalf of the laborers themselves, and not of the person by whom they were employed. *Parker* v. *Bell, ubi supra.* The claim, therefore, which the petitioner preferred in the certificate which he filed in the clerk's office was inaccurate, if considered as a statement of the amount for which the lien had been created on the estate. But that, even in this light, it was knowingly or wilfully erroneous, there appears to be no indication in the papers. The statement was perfectly correct in itself : there was due to him seven hundred dollars. There is no reason to suppose that he meant to misrepresent, or to mislead or deceive any one. At the time, he merely misapprehended his rights in relation to the wages of laborers for which he was himself responsible, but for which, under a recent construction of the statute, he was not entitled to have a lien upon the land upon which he caused them to work. This is very far from affording any reason to suppose that his statement was either knowingly or wilfully incorrect.

The suggestion that there was known and wilful error in the

claim, because it included some charge for pulling down the old barn and digging a cellar for the new one, though not abandoned, was not very seriously pressed in the argument for the respondent; nor could it have been, with any expectation of rendering the objection available. By the terms of the contract, the cellar was a necessary part of the work in completing the new barn; and as this was to be constructed in part of the materials, as far as they were suitable for that purpose, to be taken from the old one, the latter was of course to be pulled down to obtain them.

As the lien has not been dissolved, the court are of opinion that this petition can be maintained; and in pursuance of the agreement of the parties to that effect, a proper judgment for the enforcement of the lien to the amount of three hundred and fifty dollars is to be entered for the petitioner.