## Ketcham *v.* The Land Title & Trust Company, Appellant.

*Mechanics' liens—Mortgages—Priority—Old buildings—Demolition—Act of June 4, 1901, P. L. 431, Sec. 13.*

Where before a new building can be erected upon a lot it is necessary to tear down a building already upon the premises, and the work of demolishing the old building is performed under the same contract as the erection of the new, such demolition, and the work incident thereto, constitute a visible commencement upon the ground of the work on a building, structure or other improvement and is performed under the same contract as the erection of the building, and a mechanic's lien filed for work, labor and materials furnished in the erection of the new building dates from the commencement of such demolition, and has priority over a mortgage executed and recorded after such demolition had been completed.

Argued Jan. 24, 1917.   Appeal, No. 337, Jan. T., 1916, by defendant, from final order of C. P. No. 4, Philadelphia Co., Sept. T., 1914, No. 3491, dismissing exceptions

to report of referee, in case of O. W. Ketcham v. The Land Title and Trust Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on a policy of title insurance.

Exceptions to report of Francis B. Bracken, Esq., referee. Before FINLETTER, J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. Defendant appealed.

*Errors assigned* were in dismissing the exceptions.

*John G. Johnson,* with him *Ormond Rambo* and *J. Quincy Hunsicker, Jr.,* for appellant.—The work of demolishing the old building was not a visible commencement of work upon the ground within the meaning of Section 13 of the Mechanics' Lien Act of June 4, 1901, P. L. 431: Kansas Mortgage Co. v. Weyerhaeuser, 48 Kansas 335 (29 Pac. Repr. 153) ; Brooks v. Lester et al., 36 Md. 65; Kelly & Martin v. Rosenstock & Stein et al., 45 Md. 389; Hagenman v. Fink, 19 Pa. C. C. 660.

*Alex. Simpson, Jr.,* with him *Joseph G. Magee,* for appellee.—The mortgagee was put upon inquiry by the fact that the old building had been demolished: Speer v. Evans, 47 Pa. 141; Quein v. Smith, 108 Pa. 325; Swank v. Phillips, 113 Pa. 482; Reynolds v. Miller, 177 Pa. 168; Bruns v. Braun et al., 35 Mo. App. 337; Whitford v. Newell, 84 Mass. 424; Pratt et al. v. Nakdimen et al., (Ark.) 138 S. W. Repr. 974; McCristal v. Cochran, 147 Pa. 225; Pennock et al. v. Brown, 14 W. N. C. 43; Craig v. Commercial Trust Co., 211 Pa. 7; Denkel's Est., 1 Pearson 213; Parrish & Hazard's App., 83 Pa. 111; Central Trust Co. v. Cameron Iron & Coal Co., 47 Fed. Repr. 136.

OPINION BY MR. CHIEF JUSTICE BROWN, April 16, 1917:

On July 9, 1912, Samuel Shoemaker acquired title to a lot of ground situated at the northeast corner of School House Lane and Wayne avenue, Germantown, on which there was a suburban dwelling house. Shoemaker purchased the lot for the purpose of erecting an apartment house upon it on the site of the dwelling house. On August 5, 1912, he executed a mortgage on the premises to Frank H. Moss for $150,000, and the money so raised was expended in the erection of the new building. The Land Title and Trust Company, the appellant, issued its policy of insurance to Moss, the mortgagee, insuring the completion of the apartment house discharged of liens. O. W. Ketcham, the appellee, filed a mechanic's lien against it for materials furnished to Shoemaker for the erection of it. In proceedings on the Moss mortgage the premises were sold at sheriff's sale, and Ketcham, claiming that his mechanic's lien had priority over the mortgage, took a rule on the sheriff to pay the entire purchase-price for the property—$150,000—into court. This rule was subsequently abandoned by Ketcham, he and The Land Title and Trust Company having agreed in writing that the question of the priority of his lien over the mortgage should be referred to Francis B. Bracken, Esq., under the Act of May 14, 1874. In pursuance of the terms of this agreement, Ketcham brought suit against The Land Title and Trust Company, and from the report of the referee, confirmed by the court below, holding that the mechanic's lien had priority over the mortgage, the present appeal was taken.

The facts in the case are not in dispute. The amount claimed by the appellee on his mechanic's lien—$15,056 —is admitted to be correct. His claim for its priority over the mortgage is resisted solely on the ground that the mortgage was recorded before there was "the visible commencement" of the apartment house within the meaning of the Mechanics' Lien Act of June 4, 1901, P. L. 431. The only work done on the premises prior to

August 5, 1912,—the date of the execution and recording of the mortgage—in connection with the contemplated erection of the apartment house, was the demolition of the dwelling house. This work, which was commenced on July 15th, was completed on or about the third of the following month—two days before the recording of the mortgage—and the question before the referee and court below was whether its demolition was "the visible commencement, upon the ground, of the work of building" the apartment house.

The demolition of the dwelling house was a necessary precedent condition to the erection of the apartment house. The latter could not be built until the former was out of the way. The tearing down of the old house was more essential to the building of the new than would have been the digging of a cellar, for the new house might have been built without a cellar. The first step to be taken for its erection was the removal of the old dwelling which stood on the site selected for it. The situation here presented is not that of the removal of an old building having no connection with the construction of a new one, for the removal was so linked with the work upon the new building as to become a part, of one single operation, and this conclusively appeared to the appellant before it issued its policy of insurance to Moss. The architect who designed the new building and drew the specifications for it to be submitted to contractors, included in them the following: "Demolition. Remove the buildings now on the site together with all foundations, sidewalks and curbing, and prepare the site to receive the new building." J. Willison Smith, the manager of the building operation department of the appellant, admitted in his testimony before the referee that these specifications were on file with his company before it issued its policy to Moss, and the learned court below, in dismissing the exceptions to the report of the referee, properly said: "The defendant had actual knowledge that the work of demolition was done for constructive

purposes, that is, as part of the work necessary to the new building. The specifications recited the work of demolition and construction as part of the same contract, and it was these specifications which the defendant insured should be carried out. Moreover the money to pay for the whole was deposited with the defendant for distribution. It therefore had knowledge of the unity of the operation."

We find none of the authorities cited by learned counsel for appellant in conflict with the correct conclusion of the learned referee that, under the undisputed facts in the case, the demolition work incident to the erection of the apartment house on the lot of ground subject to the mortgage insured by the defendant was a "visible commencement" of the work of building the apartment house, within the meaning of the mechanics' lien act. In none of our own cases was the question now before us passed upon. It incidentally arose in McCristal v. Cochran, 147 Pa. 225, and, in declining to pass upon it, Mr. Chief Justice PAXSON said: "Most of the items contained in the bill of particulars were for tearing down an old building preparatory to the erection of the new building, for which the claim was filed. Whether such demolition is part of the erection of a new building, is a question we do not find decided by this court in any reported case. We are not required to do it now, as the first item in the bill of particulars is sufficient to sustain the claim. It is not a good ground to strike off a claim that some of the items are insufficient. If it contains one good item, which is the subject of a lien, it is enough." Among the cases in other jurisdictions sustaining the referee are Whitford v. Newell, 84 Mass. 424; Bruns v. Braun, 35 Mo. App. 337; Pratt v. Nakdimen (Ark.), 138 S. W. Repr. 974. "Where improvements for which a lien can properly be obtained are made, the lien may include the work of tearing down old structures or parts thereof which was a necessary part of the making of the improvements": 27 Cyc. 36. In 23 American & English

Annotated Cases, 5, there is a note on the subject now under consideration, and, after citing authorities which hold that, for the removal or demolition of a building, no lien will be sustained, it proceeds as follows: "Where an old building is torn down for the purpose of erecting a new one, obviously a different case is presented. The demolition becomes part of the work of erection, construction or repair and the laborer is entitled to a lien: Ward v. Crane, 118 Cal. 676, 50 Pac. Repr. 839; Burns v. Braun, 35 Mo. App. 337."

The assignments of error are overruled and the judgment is affirmed.