Argued January 9, affirmed March 12, 1969

ROBISON, *Respondent, v.* THATCHER ET UX,
*Appellants.*

451 P. 2d 863

604

*Jeannette Marshall,* Medford, argued the cause for appellants. With her on the briefs was Joel B. Reeder, Medford.

*William A. Mansfield,* Medford, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and MENGLER,[*] Justices.

GOODWIN, J.

Defendant home-owner appeals from a decree foreclosing a mechanic's lien.

The work for which the lien was claimed consisted of excavation preparatory to the construction of a dwelling house. The contract provided for excavation of a basement 52 feet by 28 feet, to a planned depth of eight feet or "to solid rock, whichever is first encountered." Surface rock was found on the building site. Accordingly, when the parties agreed to a contract price for the excavation, the price was conditioned upon the expectation that solid rock would not be encountered. They apparently agreed that if solid rock should be encountered, such rock would be removed on

---

[*] Mengler, J., did not participate in the decision in this case.

a "force-account" basis as an authorized extra.[1] Solid rock was encountered; costs substantially exceeded the home-owner's budget; and this litigation resulted.

The first question is whether the excavation of a basement is lienable work within the meaning of ORS 87.010.[2] We hold that it is. Cases reflecting divergent views of the matter may be found in the Annotation, 39 ALR2d 866 (1955). But the better-reasoned cases hold that the purpose of the mechanic's lien law is best served by treating all the component undertakings in the construction of the finished building as lienable work. Our own statute is broad enough to encompass the excavation and site preparation incidental to "the construction of any improvement."

The next attack upon the lien in this case is based upon the discovery of a scrivener's error in the lien notice. The lien notice contains the following language: "The contract price and reasonable value of said labor and materials furnished for use and used in connection with said construction, including the reasonable value of extra labor and extra materials *not* requested by said owners and not contemplated by said contract, was and is $7,531.20 * * *." (Italics supplied.) Elsewhere in the lien notice is found an

---

[1] The appellant has not brought up a transcript, so we rely upon the trial court's findings for a summary of the facts. The written contract does not contain an express agreement concerning "extras."

[2] ORS 87.010 "(1) Any mechanic, artisan, machinist, builder, contractor, lumber merchant, laborer, teamster, drayman or other person performing labor upon, transporting or furnishing any material to be used in the construction of any improvement shall have a lien upon the improvement for the labor, transportation or material furnished at the instance of the owner of the improvement or his agent.

"(2) Any person who shall, at the request of the owner of a lot, grade, fill in or otherwise improve the lot or the street adjoining the lot, shall have a lien upon the lot for such work done and materials furnished."

allegation that the owners did request the extra work. The trial court apparently found that the extra work was within the contemplation of the parties, even though not mentioned in the contract. Faced with the internal inconsistency in the lien notice, the trial court found, as a fact, that the conflict was caused by a scrivener's mistake, and that the parties intended that the work be done and that it be paid for. The court held that the true intent of the lien notice could be given effect by disregarding the unintended negative that had found its way into the instrument as filed.

■ The abbreviated record which we have supports the trial court's finding that the error was a scrivener's error, and that the error was not substantial. It should not be allowed to defeat an otherwise valid lien.

■■ To the argument that the lien notice combined lienable and nonlienable items, it is sufficient to point out that the excavation contractor's entire cost of the excavation, so long as the cost was reasonable, was a proper sum to include within the lien. The trial court was fully warranted in making the findings that the costs were reasonable. See *Mathis v. Thunderbird Village, Inc.*, 236 Or 425, 431, 389 P2d 343 (1964). In view of the failure of the owners to supply this court with a transcript of the entire testimony in this case, this court would have no basis for reviewing the trial court's decision upon questions of fact in any event.

The owner's remaining grounds for attacking the decree are dependent upon the owner's theory that the lien notice was void because of the errors noted in its preparation, and that the work of excavating a basement is not a lienable activity in the construction of a house. Since we have held that those grounds are not meritorious, we must likewise disregard the subordinate propositions.

We must also reject the owners' contention that the court erred in its allowance of attorney fees. This contention is grounded upon the theory that the lien was invalid, and necessarily falls with that theory.

Affirmed.