[No. 42160.    En Banc.    September 14, 1972.]

T. V. DEAN *et al., Respondents,* v. JOHN M. MCFARLAND, *Appellant.*

216

*Kenneth A. Bloch* and *Wolfstone, Panchot & Bloch,* for appellant.

STAFFORD, J.—John M. McFarland, d/b/a McFarland Wrecking Company, appeals from a judgment in his favor, which, however, denied him the right to foreclose a lien on the real property of Mr. and Mrs. T. V. Dean, respondents.

Respondents have neither resisted the appeal nor submitted a brief. Appellant has furnished us with no statement of facts. He concedes we must assume that the trial court's findings of fact are sustained by the evidence. *Roller v. Blodgett,* 74 Wn.2d 878, 447 P.2d 601 (1968); *Chace v. Kelsall,* 72 Wn.2d 984, 435 P.2d 643 (1967). Appellant challenges the conclusions of law and judgment that deny him the right to assert a lien under either RCW 60.04.010 or .040.

The findings of fact disclose that respondents planned to erect a multi-dwelling unit on their property. It was the highest and best use of their land. In order to proceed with the plan, however, it was necessary to remove an old building from the premises.

Respondents contracted with Mr. Giovi to wreck and remove the existing structure. Mr. Giovi, in turn, employed Mr. White to demolish the building and contracted with appellant to supply trucks and drivers to remove the resulting debris.

The building was demolished and appellant removed the debris. In the meantime, however, Mr. Giovi disappeared without paying either Mr. White or appellant. After failing to receive payment, appellant filed a claim of lien on October 8, 1965, based upon his services under the contract with Mr. Giovi. Fortunately, respondents had not yet paid Mr. Giovi.

Respondents brought this action to cancel appellant's lien, claiming damages for slander of title to their realty. Appellant conterclaimed asserting a right to foreclose his lien, and praying for interest from the date he last worked upon respondents' property together with a reasonable attorney's fee. Appellant later amended his counterclaim to assert that he "performed labor and/or rented equipment to remove debris from" respondents' premises.

Appellant was awarded a judgment of $432.43 and costs because the court found that respondents' property had been benefited by the use of appellant's equipment and the removal of the structure had increased the property's value $450.

Respondents' claim of damages for slander of title was dismissed.

In the matter of the lien, the trial court found that although the claim had been timely filed, the labor performed and the furnishing of equipment were not lienable items. It did find, however, that had the items been lienable, an award of $150 attorney's fees would have been reasonable.

Denial of the lien was based upon *Sound Transfer Co. v. Phinney Realty & Inv. Co.*, 71 Wash. 473, 128 P. 1047 (1913) and *Bon Marche Realty Co. v. Southern Sur. Co.*, 152 Wash. 604, 278 P. 679, 63 A.L.R. 1246 (1929). The facts in *Sound* reveal that respondent property owner *contracted* with appellant to construct a building upon a site already occupied by another structure. As a part of the *same contract* appellant was also required to demolish and remove the old structure, preparatory to his construction of the new building. We held that appellant's demolition and re-

moval of the old building was not lienable under Rem. & Bal. Code, § 1129.

Without question, the intent of RCW 60.04.010 is the same as Rem. & Bal. Code, § 1129. The principal difference is that RCW 60.04.010 now authorizes a lien for one "renting, leasing or otherwise supplying equipment". Nevertheless, it still provides, as it did at the time of *Sound*, that it shall "be used in the construction, alteration or repair of any . . . building . . .".

Appellant argues that we should overrule *Sound* and either overrule or distinguish its progeny, *Bon Marche*. Of necessity, however, appellant would have us go much further because he is in a less favorable position than the contractor in *Sound*. Appellant herein did not have a contract with the property owner to construct a building on the site as an integral part of which contract he was also required to demolish and remove the existing structure. The removal of debris was not done as part of or related to any overall or prime contract to construct a new building on the site. At best, appellant possessed a contract merely to remove debris, from which acts the site benefited.

Appellant suggests it is incongruous to say that one who is instrumental in removing outdated facilities to permit their replacement is not entitled to the same consideration as one who actually contracts to construct the new facility. He asks us to hold that RCW 60.04.010 authorizes a lien for one who contracts with the property owner to rent, lease, or otherwise supply equipment for the removal of debris from a site on which the owner plans eventually to have another person build a structure, even though there is no contractual relationship between the removal of debris and the later construction of the building.

Without doubt such a lien would be advantageous to a supplier of equipment. However, whether such a lien should be created, as well as the nature and extent thereof, is a matter of policy to be determined by the legislature. Thus, the central question is not whether we deem it advisable for such class of persons to have a lien. The question is

whether the legislature has authorized it under RCW 60.04.010.

Appellant has quoted at length from Annot., 63 A.L.R. 1250, 1256 (1929) and has cited several cases[1] therefrom in support of his contention. It must be noted, however, that the annotation and cases are limited to instances in which one is *under contract to erect a building* upon a site currently occupied by another structure, and *pursuant to the contract* with the property owners, *demolishes and removes the old structure as an integral and necessary part of his contract to erect the new building.*

Thus, even though the cited material may appear to run counter to our holding in *Sound,* it does not support the greatly liberalized rule sought by appellant. In fact, where, as here, labor has been expended or equipment rented, leased or otherwise supplied in the mere demolition and removal of debris of a structure preparatory to the erection of a new building on the same site, but was not done as part and parcel of the same contract, quite a different rule applies.[2] In the absence of a specific statute authorizing such a lien, the prevailing view is that mechanics' lien statutes confer no right to assert a lien for performing labor or furnishing material and equipment in the removal or demolition of structures or improvements.[3]

A lien of the type involved here is a creature of

---

[1] *Ketcham v. Land Title & Trust Co.,* 257 Pa. 391, 101 A. 764 (1917); *Osterling v. Allegheny County,* 272 Pa. 458, 116 A. 385 (1922); *Pratt v. Nakdimen,* 99 Ark. 293, 138 S.W. 974 (1911); *Ward v. Crane,* 118 Cal. 676, 50 P. 839 (1897); *Bruns v. Braun,* 35 Mo. App. 337, 347 (1889). *See also Arthur Morgan Trucking Co. v. Schartzer,* 237 Mo. App. 535, 174 S.W.2d 226 (1943). This is a more modern case than those cited by appellant. It illustrates the point that where the entire work of removing the old and erecting the new building on the same site is to be performed pursuant to an *indivisible contract* and the whole is incorporated in *one integral contract,* the contract is impossible of fulfillment without the removal of the building and thus a lien attaches.

[2] *Arthur Morgan Trucking Co. v. Schartzer, supra* in n.1.

[3] *Big Three Welding Equip. Co. v. Crutcher, Rolfs, Cummings, Inc.,* 149 Tex. 204, 229 S.W.2d 600 (1950); *accord,* 53 Am. Jur. 2d *Mechanics' Liens* § 84 Removal or demolition of building (1970); 57 C.J.S. *Mechanics' Liens* § 24 (1948).

statute and is in derogation of the common law. As such, it must be strictly construed to determine whether a lien attaches. *Westinghouse Elec. Supply Co. v. Hawthorne,* 21 Wn.2d 74, 77, 150 P.2d 55 (1944). The statutory operation is not to be extended for the benefit of those who do not *clearly* come within the terms of the statute. *Westinghouse Elec. Supply Co. v. Hawthorne, supra; De Gooyer v. Northwest Trust & State Bank,* 130 Wash. 652, 653, 228 P. 835 (1924). The type of work performed by appellant does not clearly come within the terms of RCW 60.04.010, thus, he is not entitled to a lien thereunder.

Appellant argues that even if RCW 60.04.010 does not entitle him to a lien, he is entitled to relief under RCW 60.04.040 which provides in pertinent part:

> every person who, at the request of the owner of any real property . . . *rents, leases or otherwise supplies equipment* . . . *for clearing, grading, filling in, or otherwise improving any real property* . . . *has a lien upon such real property for* . . . *the equipment supplied for such purposes.*

(Italics ours.)

He acknowledges that the intent of RCW 60.04.040 and Rem. & Bal. Code, § 1131 interpreted in *Sound* and *Bon Marche* are similar. In *Sound,* at page 475, we held that work of the type done therein did "not come under any of the designations of work mentioned" in the statute authorizing a lien for one who " 'clears, grades, fills in or otherwise improves the same . . .' ".

Appellant asserts, however, that in the instant case the trial court found that the removal of the debris, resulting from demolition of the building, was "an 'improvement' to that property". Actually the finding read in pertinent part as follows:

> That the plaintiffs' property was benefited by the use of equipment of the defendant, in the removal of the debris . . . in that said property was increased in value . . .

This finding, appellant says at page 15 of his brief, calls

for a different result because it "meets the only objection made to the application of the 'otherwise improve' portion of RCW 60.04.040 to the Appellant's circumstances . . .". Such a construction of the statute, however, overemphasizes the phrase "or otherwise improving any real property" and ignores its use in context with the rest of RCW 60.04.040. The phrase does not stand alone as declarant of a broad subclassification of potential lienors.

■■ Under RCW 60.04.040, if one supplies equipment "for *clearing, grading, filling in,* or *otherwise improving* any real property . . ." he is entitled to a lien upon the realty "for . . . the equipment supplied *for such purposes*". (Italics ours.) This is quite different, however, from merely saying that if one supplies equipment to an owner of realty, as a result of which the realty is improved, the rental or leasing of the equipment is a lienable item. It is particularly true when one considers that the term "or otherwise improving" is governed by the *ejusdem generis* principle of statutory construction.

The *ejusdem generis* rule requires that general terms appearing in a statute in connection with specific terms are to be given meaning and effect only to the extent that the general terms suggest items similar to those designated by the specific terms. In short, specific terms modify or restrict the application of general terms where both are used in sequence. *King County Water Dist. 68 v. Tax Comm'n,* 58 Wn.2d 282, 286, 362 P.2d 244 (1961); *State v. Thompson,* 38 Wn.2d 774, 777, 232 P.2d 87 (1951). Thus, the general term "or otherwise improving" is restricted or modified in its application by the words "clearing", "grading", or "filling in".

In light of the rule of strict construction that must be employed, when determining whether one is within a class authorized to have a statutory lien, we must hold that the words "clearing", "grading", "filling in" do not *clearly* extend the class to one who hauls away debris from a building demolished by another. This is particularly true when

the removal of debris is not even an integral part of a contract of construction, as it was in *Sound* and *Bon Marche*.

Appellant urges us to depart from this view and in support thereof cites several cases from foreign jurisdictions which, viewed superficially, appear to hold contrary to *Sound* and *Bon Marche*.[4] But, a review of the cited cases and the mechanics' lien statutes discussed therein reveals the danger of attempting to generalize or draw analogies from the judicial interpretation of lien statutes that may be cast in terms similar to, but not the same as our own.[5]

Where, as here, we are required to strictly construe a statute and must refrain from extending it for the benefit of those who do not *clearly* come within its purview, we are not authorized to extend it by implication beyond those matters not clearly within its terms. It is our duty to construe the law as enacted by the legislature; and when, by force of law, the performance of certain labor creates an interest in the real estate of another, we should not say that the performance of some other type of labor, not clearly covered by statute, also creates an interest in, or divests the owner of an estate in land. In short, the exact phraseology of the mechanics' lien statute is of utmost importance. If it is to be extended to other classes of lienors, it must be done by the legislature, not by judicial fiat.

[4] *Green v. Reese*, 261 P.2d 596 (Okla. 1953); *Mazel v. Bain*, 272 Ala. 640, 133 So. 2d 44 (1961); *Robison v. Thatcher*, 252 Ore. 603, 451 P.2d 863 (1969).

[5] *Green v. Reese, supra* in n.4, and *Mazel v. Bain, supra* in n.4, either expressly or implicitly reject the principle of *ejusdem generis* in interpreting the statutory term "improvement". As a result, the legislative scheme is distorted. We, on the other hand, endorse the principle because it provides a more accurate analysis of legislative intent.

In addition to the foregoing, we also note that *Robison v. Thatcher, supra* in n.4, is distinguishable. The statutory language considered therein is considerably broader than our own. It provides a lien for "the construction of any improvement." The Oregon court chose to allow a lien for excavation of a basement under that section of the statute containing general language rather than under the section which provides a lien for "Any person who shall . . . grade, fill in or otherwise improve the lot . . . .".

Appellant assigns error to the trial court's refusal to conclude, as a matter of law, that he is entitled to reasonable attorney's fees for the foreclosure of a valid lien. Similar error is assigned for the trial court's failure to grant a judgment for such fees in the foreclosure of his lien. He also assigns error to the trial court's refusal to conclude, as a matter of law, that he is entitled to interest at the statutory rate from the time of filing the lien and for the failure to grant judgment thereon from such date.

Inasmuch as appellant did not have a valid lien under either RCW 60.04.010 or .040 he is neither entitled to the reasonable attorney's fee nor to the interest authorized in the foreclosure of a valid mechanics' lien.

The trial court is affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, NEILL, WRIGHT, and UTTER, JJ., concur.

Petition for rehearing denied November 2, 1972.