228 P.3d 1297 (2010)
Terry L. WILLIAMS and Janis E. Williams, husband and wife, Respondents,
v.
ATHLETIC FIELD, INC., a Washington corporation, Appellant.
No. 33607-3-II.
Court of Appeals of Washington, Division 2.
April 7, 2010.
*1299 Klaus Otto Snyder, Snyder Law Firm LLC, Sumner, WA, for Respondents.
Kirk Richard Wines, Attorney at Law, Seattle, WA, for Appellant.
HOUGHTON, J.
¶ 1 Athletic Field, Inc., appeals a trial court order releasing its mechanics' lien as frivolous and awarding attorney fees and costs to the property owners, Terry and Janis Williams. The trial court found the lien invalid because a lien filing service employee signed the notice of lien's attestation clause. Athletic argues that the trial court erred in construing the statute as requiring that either the claimant or the claimant's attorney sign the attestation clause. We affirm in part and reverse in part and remand.

FACTS
¶ 2 The Williamses are the owners and developers of a parcel of land in Sumner. Their development project required site preparation work estimated to cost $419,925, followed by construction of a commercial warehouse. In spring 2004, they orally contracted with Athletic Field, Inc., to complete either some portion or all of the site preparation work (the parties dispute the scope of the agreement). They later made three payments to Athletic totaling approximately $155,000 for work completed. But they were dissatisfied with the pace of Athletic's performance. In October 2004, Athletic's owner, Craig Starren, asked the Williamses to sign a written contract. Instead, the Williamses ordered Athletic to discontinue work and vacate the site.
¶ 3 The parties dispute the amount of site preparation work that Athletic completed. Athletic claims it finished 90 percent of the total work, plus additional work not included in the initial plan. The Williamses claim that Athletic did less than one-third of the planned work and was overpaid by tens of thousands of dollars for the work it did perform.
¶ 4 On December 6, 2004, Athletic filed a lien against the Williamses' property for $276,825 or roughly the difference between the payment it had already received and the estimated value of the entire site preparation, plus additional work Athletic claims it performed at the Williamses' request. The notice of claim of lien included an attestation clause signed by Rebecca Southern, an employee of LienData USA, Inc., a lien filing service. The clause identifies Athletic as the claimant and LienData as the agent for claimant. The attestation clause reads:
Lien Data USA, Inc.
AGENT FOR CLAIMANT
P.O. Box 1120
Bothell, WA XXXXX-XXXX
Athletic Fields Inc.
CLAIMANT
21620 SE May Valley
Issaquah, WA 98027
STATE OF WASHINGTON)
)ss.
COUNTY OF KING)
Rebecca Southern, being sworn, says;
I am the claimant (or attorney of the claimant, or administrator, representative, or agent of the trustees of an employee benefit plan) above named; I have read or heard the foregoing claim, read and know the contents thereof, and believe the same to be true and correct and that the claim of lien is not frivolous and is made with reasonable cause, and is not clearly excessive under penalty of perjury.
/s/ Rebecca Southern
Rebecca Southern
SUBSCRIBED AND SWORN to before me
this 1st day of December 2004.
/s/ Judi M. Elsbree
Judi M. Elsbree
NOTARY PUBLIC in and for the
State of Washington, residing at Bothell.
My Commission expires: 08/18/07
*1300
[notary stamp]
¶ 5 The Williamses moved for an order to show cause why relief should not be granted under RCW 60.04.081, the frivolous lien statute.[1] They claimed that the lien was invalid because neither Athletic nor its attorney signed the attestation clause. They further noted the absence of a written contract and stated that they had paid Athletic for all the work it performed and, in fact, had overpaid Athletic.
¶ 6 In support of their show cause motion, the Williamses filed declarations by Terry Williams and Norman Hubbard, an Athletic employee who acted as the site project manager. Hubbard stated that he was a general contractor on the project, that he brought Athletic in to perform only a portion of the work, that his own company performed a substantial portion of the work, and that the Williamses paid Athletic all amounts due.
¶ 7 In opposing the motion, Athletic contested the Williamses' interpretation of the statute, arguing that, according to RCW 60.04.081, any authorized agent may sign the attestation clause. Athletic argued that the lien's validity could not be resolved in the context of a show cause proceeding because it involved disputed factual issues about the amount of work performed and monies due that required a trial on the merits.
¶ 8 In support of its opposition, Athletic filed Starren's declaration stating that his oral agreement with the Williamses was for performing the entire site preparation work and that Athletic had completed 90 percent of the work. Starren also stated that Hubbard was his full-time employee, not a general contractor, and that any work he performed is attributable to Athletic because Athletic provided all the labor, services, and equipment. He also stated that he performed additional work at the Williamses' request worth $50,000.
¶ 9 In reply, the Williamses submitted additional declarations by Hubbard and Terry Williams rebutting Athletic's allegations. Williams stated that the additional work allegedly worth $50,000 was a fill project costing far less and that he actually did Athletic a favor by permitting it to use the site as a dumping ground for the "dirty dirt"[2] it accumulated at other projects. Hubbard again asserted that his own company performed most of the work.
¶ 10 After hearing argument on the motion, a pro tempore superior court commissioner entered an order releasing the lien and awarding attorney fees and costs to the Williamses for an amount to be determined at a motion for revision hearing held by a superior court judge. The order states that the lien did not comply with RCW 60.04.091 because it "was not signed, under penalty of perjury, by the Claimant (or an officer of the Claimant corporation) or by an attorney for the Claimant." Clerk's Papers at 136. The order further states that the Williamses met their initial burden to show that the lien was frivolous and without reasonable cause and that Athletic failed to present a prima facie case to the contrary, but the commissioner provided no explanation for this determination.[3]
¶ 11 In its motion for revision by the superior court, Athletic filed several declarations rebutting the Williamses' assertions made in reply to the motion. The trial court granted the Williamses' motion to strike Athletic's additional pleadings and denied Athletic's motion to revise the commissioner's ruling. The trial court entered an order awarding the Williamses approximately $10,000 in attorney fees and costs. Athletic appeals.

ANALYSIS

RCW 60.04.091
¶ 12 We first address whether the notice of claim of lien recorded here complied with the *1301 statutory requirements. Athletic contends that the trial court erred when it ruled that RCW 60.04.091 requires either the claimant or the claimant's attorney sign the attestation clause and that no other authorized agent may do so.
¶ 13 We review statutory construction issues de novo. LRS Elec. Controls, Inc. v. Hamre Constr., Inc., 153 Wash.2d 731, 738, 107 P.3d 721 (2005). We give effect to the plain meaning of a statute as an expression of legislative intent. State v. Thompson, 151 Wash.2d 793, 801, 92 P.3d 228 (2004).
¶ 14 We strictly construe lien statutes because they are in derogation of the common law. Dean v. McFarland, 81 Wash.2d 215, 219-20, 500 P.2d 1244 (1972). A lien claimant must clearly demonstrate satisfaction of all the statutory lien claim requirements. Dean, 81 Wash.2d at 220, 500 P.2d 1244.
¶ 15 Under RCW 60.04.091, a lien claimant must file a notice of claim of lien within 90 days after the claimant ceased to supply services or materials to a subject property. Subsection (1) sets forth the required content of the lien claim. Subsection (2) provides that the lien claim must be notarized and "[s]hall be signed by the claimant or some person authorized to act on his or her behalf who shall affirmatively state they [sic] have read the notice of claim of lien and believe the notice of claim of lien to be true and correct under penalty of perjury.... A claim of lien substantially in the following form shall be sufficient." RCW 60.04.091 (emphasis added).
¶ 16 A sample attestation clause follows, stating in part:
I am the claimant (or attorney of the claimant, or administrator, representative, or agent of the trustees of an employee benefit plan) above named; I have read or heard the foregoing claim, read and know the contents thereof, and believe the same to be true and correct and that the claim of lien is not frivolous and is made with reasonable cause, and is not clearly excessive under penalty of perjury.
RCW 60.04.091(2) (emphasis added).
¶ 17 Athletic argues that the attestation clause for a lien claim may be signed by any authorized agent of the claimant, not just the claimant or the claimant's attorney. The Williamses respond that the acknowledgment signed by Rebecca Southern in her individual capacity does not substantially comply with RCW 60.04.091 because LienData was Athletic's agent and, as a corporation, LienData must acknowledge the claim of lien using the corporate form.
¶ 18 The Williamses cite Ben Holt Industries, Inc. v. Milne to support their argument that the acknowledgment was defective. 36 Wash.App. 468, 675 P.2d 1256 (1984). Athletic counters that the separate corporate acknowledgment set forth in RCW 64.08.070 is no longer required and that the required form is set forth in RCW 42.44.100. According to Athletic, the acknowledgment signed by Rebecca Southern fulfills the requirements of RCW 42.44.100. The Williamses' argument persuades us.
¶ 19 A lien claim is invalid if it does not substantially comply with RCW 60.04.091. See Lumberman's of Wash., Inc. v. Barnhardt, 89 Wash.App. 283, 289, 949 P.2d 382 (1997). In 1991, the legislature amended the statute to require that a claimant attest to the lien's validity under penalty of perjury. Lumberman's, 89 Wash.App. at 287-88, 949 P.2d 382. In the absence of evidence that the claimant (or someone authorized to act on the claimant's behalf) attested to its validity, a lien claim does not substantially comply with RCW 60.04.091. See Flag Constr. Co. v. Olympic Boulevard Partners, 109 Wash.App. 286, 290, 34 P.3d 1250 (2001).
¶ 20 RCW 60.04.091(2) requires that the notice of claim of lien "shall be acknowledged pursuant to chapter 64.08 RCW." Chapter 64.08 RCW provides two forms of acknowledgment, one for individuals and one for corporations. RCW 64.08.070 sets forth the following form for a corporate acknowledgment:

*1302 On this .... day of ......, 19 ..., before me personally appeared ......, to me known to be the (president, vice president, secretary, treasurer, or other authorized officer or agent, as the case may be) of the corporation that executed the within and foregoing instrument, and acknowledged said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned, and on oath stated that he was authorized to execute said instrument and that the seal affixed is the corporate seal of said corporation.
¶ 21 RCW 64.08.070 also provides that after December 31, 1985, a certificate of acknowledgment for a corporation is valid if it substantially complies with the short form set forth in RCW 42.44.100(2). This short form acknowledgment for one acting in a representative capacity is:
I certify that I know or have satisfactory evidence that (name of person) is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/ she) was authorized to execute the instrument and acknowledged it as the (type of authority, e.g., officer, trustee, etc.) of (name of party on behalf of whom instrument was executed) to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.
RCW 42.44.100(2).
¶ 22 The attestation clause signed by Rebecca Southern does not meet the requirements of either RCW 64.08.070 or 42.44.100(2). The attestation clause in the claim of lien stated only,
I am the claimant (or attorney of the claimant, or administrator, representative, or agent of the trustees of an employee benefit plan) above named; I have read or heard the foregoing claim, read and know the contents thereof, and believe the same to be true and correct and that the claim of lien is not frivolous and is made with reasonable cause, and is not clearly excessive under penalty of perjury.
 /S/ Rebecca Southern
SUBSCRIBED AND SWORN to before me this 1st day of December, 2004.
 /S/ Judi M. Elsbree
 NOTARY PUBLIC in and for the
 State of Washington, residing at Bothell.
 My Commission expires: 08/18/07
This attestation clause fails to substantially comply with the forms provided in RCW 64.08.070 and RCW 42.44.100 because it does not indicate that Southern signed in a representative capacity on behalf of LienData. The acknowledgment stated only, "SUBSCRIBED AND SWORN to before me this 1st day of December, 2004," followed by the signature, name, and title of the notary public and the date on which her commission expires. At best, this acknowledgment only satisfies the short form requirements for witnessing a signature set forth in RCW 42.44.100(4). It does not satisfy the more complex requirements of corporate acknowledgment.
¶ 23 In Ben Holt, the Court of Appeals invalidated a lease because the lessor acknowledged the lease using the individual acknowledgment form rather than the corporate acknowledgment form. 36 Wash.App. at 472-73, 675 P.2d 1256. Citing the Supreme Court's decisions in Yukon Inv. Co. v. Crescent Meat Co., 140 Wash. 136, 248 P. 377 (1926) and Bank of Commerce of Anacortes v. Kelpine Prods. Co., 167 Wash. 592, 10 P.2d 238 (1932), the court held that four elements are required for a valid corporate acknowledgment: (1) the person signing the instrument was known to the notary to be an officer of the corporation which executed the instrument; (2) he acknowledged the same to be the free and voluntary act of the corporation; (3) he was authorized to execute it on behalf of the corporation; and (4) the seal affixed was the corporate seal. Ben Holt, 36 Wash.App. at 471-72, 675 P.2d 1256. Absent a writing affixed to the instrument setting forth these elements, both the acknowledgment and the underlying instrument were held to be invalid. Ben Holt, 36 Wash.App. at 472, 675 P.2d 1256.
¶ 24 Here, the elements of corporate acknowledgment are not satisfied by the attestation clause signed by Rebecca Southern. The form fails to identify her as an *1303 officer or employee of LienData, fails to characterize the subscription as the free and voluntary act of LienData, and fails to set forth Southern's authority to act on behalf of LienData. These shortcomings cannot be cured by affidavit because parol evidence is not admissible to cure a defective acknowledgment. Ben Holt, 36 Wash.App. at 472, 675 P.2d 1256. Accordingly, on its face the attestation clause does not substantially comply with the requirements of RCW 60.04.091(2).
¶ 25 Athletic further argues that RCW 60.04.091(2) provides that a lien substantially in the form of the sample shall be sufficient and, because its lien was substantially similar to the example and identified Rebecca Southern as an agent for Athletic, the acknowledgment was sufficient. For purposes of attesting to the validity of the lien, it is sufficient, if only barely so, that Rebecca Southern signed in an individual capacity when LienData USA, Inc., was clearly identified as the agent for the lien claimant. But to establish that the claim of lien was properly acknowledged, RCW 60.04.091(2) requires compliance with chapter 64.08 RCW. Where corporate acknowledgment is required, the sample form cannot be sufficient because it only satisfies the requirements to witness an individual signature. Athletic's argument fails. The lien was invalid for failure to comply with the statutory attestation requirement.

Frivolous Lien
¶ 26 The Williamses also argue that the lien was frivolous because Athletic did not comply with the statutory lien notice requirements and because they do not owe Athletic any money. Athletic responds that it met its burden of stating a prima facie case showing its entitlement to the amount claimed and that the Williamses failed to meet their burden of proving the invalidity of Athletic's claim beyond legitimate dispute. While we agree with the Williamses that they proved the invalidity of the lien itself, we agree with Athletic that they did not prove that filing the lien was frivolous or that Athletic may not be allowed to prove the disputed amount owed.
¶ 27 Lack of compliance with RCW 60.04.091 renders a lien claim invalid but not necessarily frivolous. W.R.P. Lake Union Ltd. P'ship v. Exterior Servs., Inc., 85 Wash.App. 744, 752, 934 P.2d 722 (1997) (lien not frivolous where its compliance with statutory notice requirement is fairly debatable). Although all frivolous liens are invalid, not all invalid liens are frivolous. Intermountain Elec., Inc. v. G-A-T Bros. Constr., Inc., 115 Wash.App. 384, 394, 62 P.3d 548 (2003) (first lien invalid but not frivolous where claimant legitimately disputed the calculation of the limitations period); cf. Intermountain, 115 Wash.App. at 394-95, 62 P.3d 548 (second lien invalid and frivolous where court previously ruled that the limitations period had expired). A lien claim is not necessarily frivolous because a party loses on a factual or legal ground. W.R.P., 85 Wash.App. at 752, 934 P.2d 722. Release of a lien as frivolous is appropriate only when it is apparent beyond legitimate dispute that the lien was invalid when filed. Intermountain, 115 Wash.App. at 394, 62 P.3d 548.
¶ 28 Where, as here, the notice requirements are subject to legitimate dispute, it is incorrect to release the lien as "frivolous." W.R.P., 85 Wash.App. at 752, 934 P.2d 722. Because the issue of who may attest to a claim of lien is a debatable legal issue, the question of the form of acknowledgment for a corporate agent attesting to the lien is likewise subject to legitimate legal debate. In the absence of controlling authority on the validity of the lien, a lien is not frivolous. See Pac. Indus., Inc. v. Singh, 120 Wash.App. 1, 10, 86 P.3d 778 (2003) (lien invalid but not frivolous where the lienability of the claimant's services raised an issue of first impression). Because the construction of RCW 60.04.091 presented a debatable issue of law, the trial court correctly determined that the lien was invalid but erred in concluding that the lien claim was frivolous and without reasonable cause for failure to comply with the statute.
¶ 29 A proceeding to determine the validity or frivolity of a lien claim is not a substitute for a trial on the merits of the underlying claim. See Andries v. Covey, 128 Wash.App. 546, 550, 113 P.3d 483 (2005). *1304 Here, the Williamses submitted affidavits by Terry Williams and Hubbard stating that the Williamses orally agreed to pay Athletic for whatever portion of the site preparation work Athletic completed. The affidavits further state that Athletic completed a small fraction of the work and that the Williamses overpaid it for the work performed. In support, the Williamses pointed out the absence of a written contract and submitted a copy of the unsigned contract for the entire site preparation project.
¶ 30 In response, Athletic submitted an affidavit by its owner, Starren, stating that the Williamses orally agreed to pay him for the entire site preparation work and that Athletic had, in fact, completed 90 percent of the project plus additional work the Williamses requested. Athletic stated that Hubbard was its full-time employee and that any work he performed is attributable to Athletic. In reply, the Williamses reasserted their allegations, disputing Athletic's version of the facts.
¶ 31 Athletic established debatable issues of law and fact concerning its entitlement to recover for work it performed. It is undisputed that the Williamses entered an oral contract with Athletic to provide labor, services, materials, and/or equipment for the improvement of their property. It is also undisputed that Athletic performed work at the site between May 2004 and mid-November 2004.
¶ 32 The remaining dispute involves the scope of the oral agreement, the amount of work Athletic actually performed, and whether the Williamses paid it all amounts due. This dispute raises debatable issues of fact that cannot be resolved in a summary proceeding under the frivolous lien statute. The Williamses rely on the absence of a written contract for proof of their version of the facts. But their refusal to sign the contract does not disprove Athletic's contention that they orally agreed to have Athletic complete the entire project.
¶ 33 Athletic met its burden of presenting a prima facie case that its lien filing was not frivolous. And the Williamses failed to prove that it was frivolous. Thus, the trial court erred when it released the lien as frivolous and without reasonable cause but it did not err in finding the lien invalid for failure of proper attestation.[4]

Attorney Fees
¶ 34 Athletic argues that the trial court erred in awarding attorney fees to the Williamses. It asks us to award it attorney fees for the summary proceeding below and on appeal.
¶ 35 The frivolous lien statute mandates an award of attorney fees to the prevailing party. The trial court granted attorney fees to the Williamses under RCW 60.04.081(4).[5] Because the trial court erred in finding the lien filing frivolous, it improperly awarded the Williamses their attorney fees. The Williamses prevail on appeal regarding the lien's invalidity and Athletic prevails on the issue of whether it was frivolous. Thus, neither party substantially prevailed and we do not award fees to either party.
¶ 36 The trial court erred in awarding attorney fees when releasing the invalid lien, and we reverse and remand for reassessment of fees and costs and further proceedings on Athletic's claim because both parties admit that there was an oral agreement that Athletic perform work for the Williamses and merely dispute whether the Williamses owe Athletic additional sums. See Intermountain, 115 Wash.App. at 396, 62 P.3d 548,
*1305 ¶ 37 Affirmed in part and reversed in part and remanded.
We concur: PENOYAR, A.C.J., and BRIDGEWATER J.
NOTES
[1] RCW 60.04.081 was amended in 2006 and for purposes of this opinion, there were no substantive changes.
[2] Williams explained that "dirty dirt" needs to be screened for use other than as fill. Clerk's Papers at 77.
[3] Our record does not contain a transcript of the show cause hearing.
[4] Athletic further argues that the trial court erred when it considered declarations the Williamses submitted in their reply pleading and refused to consider its own reply declarations. Because the resolution of this case turns on other issues, we do not address Athletic's additional argument.
[5] RCW 60.04.081(4) provides in part, "If, following a hearing on the matter, the court determines that the lien is frivolous and made without reasonable cause, or clearly excessive, the court shall issue an order releasing the lien if frivolous and made without reasonable cause, or reducing the lien if clearly excessive, and awarding costs and reasonable attorneys' fees to the applicant to be paid by the lien claimant."