# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| MARYSVILLE TAPING COMPANY, | ) | No. 69735-8-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF LABOR | ) | UNPUBLISHED OPINION |
| AND INDUSTRIES, | ) | |
| | ) | FILED: April 28, 2014 |
| Respondent. | ) | |
| | ) | |

VERELLEN, A.C.J. — The householder exemption of RCW 19.28.261(6) does not

allow a subcontractor to perform unlicensed electrical work on a residential construction

site owned by the general contractor. We affirm and uphold the three citations issued

by the Department of Labor and Industries (Department) to Marysville Taping Company

(MTC).

## FACTS

A general contractor on a residential construction project, Gilbertson

Construction, employed MTC for sheetrock services. Brooks Gilbertson instructed MTC

owner Ronald Moen to install wires connecting an electrical pole to a portable heater

inside the house. No MTC employee was certified to do electrical work.

Department inspector Ron Mutch was on-site and discovered wiring MTC

installed. Mutch cited MTC for violating RCW 19.28.2041, installing cables that convey

electric current without a valid license; RCW 19.28.271, employing an individual for electrical work who is not certified to do such work; and RCW 19.28.010, installing wires that convey electrical current without conforming to statutes, rules, and approved methods of construction for safety to life and property.

Moen appealed the citations to the Department's Office of Administrative Hearings. Moen asserted that Gilbertson owned and planned to live in the residence and that MTC was assisting Gilbertson by installing the heater. Moen also argued that Gilbertson had a contractual duty to provide the heating necessary for MTC to complete its work, but refused to install the heater. According to Moen, Gilbertson provided the wire and instructed him to connect the heater to the electrical pole.

The administrative law judge (ALJ) made the following factual findings:

2. Ronald Moen is not a certified electrician and MTC is not an electrical contractor. MTC is a sheet rock installation contractor.

. . . .

4. All the citations at issue emanated from work done at a residential property . . . owned by Gilbertson Construction.

. . . .

7. On July 14, 2009, Mr. Mutch went to [the property] to perform a requested inspection on an established permit . . . .

8. As Mr. Mutch approached the new house, he noticed that the temporary electrical service pole in front of the driveway had its cover removed with a piece of non-metallic sheathed cable coming out of it, laying on the ground. The cable ran across the driveway, into the house, to an electric heater laying on the floor of the house.

9. The circuit was energized and the heater was on. The cable was connected to two different circuit breakers in the temporary panel. One breaker was rated 20 amps and the other 50 amps. The cable had a maximum ampacity of 25 amps, which means the maximum breaker size this cable could safely handle was 20 amps.

10. The heater was rated at 5760 watts, which requires a cable with an ampacity of at least 31 amps.

11. Further, the equipment grounding conductor was not connected to the electrical panel, creating a potential shock hazard.

12. The manner in which the heater had been energized . . . created a very hazardous situation, which could have resulted in injury through electrical shock or sparks leading to fire.

13. Mr. Mutch called the general contractor and owner for the property, Brooks Gilbertson, and asked who connected the heater. Mr. Gilbertson stated that MTC had connected the heater.

. . . .

17. Mr. Gilbertson directed Mr. Moen to install the heater. Mr. Gilbertson instructed Mr. Moen to connect the heater to the power source . . . [and] provided the cable for Mr. Moen to complete the task.

18. Mr. Moen never involves himself, and MTC never involves itself, in electrical work when performing sheet rock contracting. Mr. Moen did not offer to connect the heater to the power source and did not want to do so, as he has no expertise in electrical contracting.

19. Mr. Moen reluctantly connected the heater to the heat source [sic] at the instruction and request of Mr. Gilbertson.

. . . .

24. Appellant argued that it did not offer to perform any electrical work and only did so at the request and direction of general contractor.[1]

The ALJ held that the Department had not proved that MTC's actions were violations in light of the RCW 19.28.261 exemption available to householders undertaking electrical work on their own property.

The Department appealed to the Washington State Electrical Board (Board). The Board adopted the ALJ's factual findings, but determined that the householder exemption did not apply and upheld the Department's citations.

---

[1] Clerk's Papers at 104-06.

MTC appealed to Snohomish County Superior Court. The superior court affirmed, concluding that the householder exemption did not apply.

MTC appeals.

### ANALYSIS

MTC contends that the superior court erred by determining that the householder exemption was inapplicable. MTC also asserts that the Board's actions violated article I, section 7 of the Washington Constitution and were arbitrary and capricious.

This appeal is subject to Washington's Administrative Procedure Act (APA), chapter 34.05 RCW.[2] Under the APA, the burden of demonstrating the invalidity of agency action is on the party asserting invalidity.[3] This court reviews the decision of the highest forum that exercised fact-finding authority—the Board—and reviews those findings in the light most favorable to the prevailing party—the Department.[4] This court reviews questions of law de novo, according deference to an agency's interpretation of law in areas within the agency's expertise.[5]

MTC contends that the householder exemption of RCW 19.28.261(6) precludes the Department from citing MTC. RCW 19.28.261(6) provides:

> Nothing in RCW 19.28.161 through 19.28.271 shall be construed to restrict the right of any householder to assist or receive assistance from a friend, neighbor, relative, or other person when none of the individuals

---

[2] See RCW 19.28.131; RCW 19.28.271(2) (appeals from citations are governed by RCW 34.05).

[3] RCW 34.05.570(1)(a).

[4] Johnson v. Dep't of Health, 133 Wn. App. 403, 411, 136 P.3d 760 (2006). The Board both possessed and exercised its authority to enter findings of fact. See RCW 34.05.464(4); RCW 19.28.131; Tapper v. State Emp't Sec. Dep't, 122 Wn.2d 397, 405-06, 858 P.2d 494 (1993).

[5] Macey v. Dep't of Emp't Sec., 110 Wn.2d 308, 313, 752 P.2d 372 (1988).

doing the electrical installation hold themselves out as engaged in the trade or business of electrical installations.

As a threshold matter, MTC argues that because the Department raised the householder exemption in earlier proceedings, it is estopped from arguing that the exemption is inapplicable. We disagree. The Department raised the householder exemption below, but has argued from the outset that the exemption does not apply in these circumstances.

The householder exemption is expressly limited to RCW 19.28.161-.271 and does not shield a householder or an assistant for violating RCW 19.28.010, which requires all electrical installations to conform with the applicable laws, regulations, and approved methods of construction for safety to life and property. MTC does not dispute that its work did not conform to these standards. Accordingly, the householder exemption does not apply to citation EMUTR00587 issued for violation of RCW 19.28.010.

As to the two remaining citations, MTC does not establish that the householder exemption applies to MTC. Because "householder" is not defined by statute, we discern the statute's plain meaning from the ordinary meaning of the language used, the context of the statutory provision, related provisions, and the statutory scheme as a whole.[6]

MTC asserts that Gilbertson was a householder because he owned the residence and purportedly intended to live there. But MTC failed to obtain any finding that Gilbertson occupied or dwelled in this particular house or that he intended to live there. And the record supports the determination that he did not. The ALJ's undisputed

---

[6] State v. Engel, 166 Wn.2d 572, 578, 210 P.3d 1007 (2009).

findings state that "the citations at issue emanated from work done at a residential property . . . *owned by Gilbertson Construction.*"[7] This unchallenged finding indicates that Gilbertson's general contracting business owned the site, not Gilbertson individually. The record also includes permit applications in which Gilbertson listed a different address as his residence.

The Department cites dictionary definitions that a "householder" is one who "occupies a house . . . alone or as the head of a household."[8] MTC provides no contrary definition. The Department argues that "householder" in RCW 19.28.261(6) must be distinguishable from an "owner" as used in a related subsection, RCW 19.28.261(1). RCW 19.28.261(1) exempts from permit and license requirements certain work performed at a person's "residence or farm or place of business or on other property owned by him or her." RCW 19.28.261(1) repeatedly refers to such a person as "the owner." MTC cites no rule of construction or authority rebutting the Department's argument.

Further, even assuming Gilbertson was a "householder," MTC was hired as a subcontractor to perform paid work under contract and was not a "friend, relative, neighbor, or other person" assisting a householder as contemplated by the statutory exemption. Under the ejusdem generis rule,[9] the phrase "or other person" must be read

---

[7] Clerk's Papers at 104 (emphasis added).

[8] Appellant's Br. at 22 (emphasis omitted).

[9] City of Seattle v. State, 136 Wn.2d 693, 699, 965 P.2d 619 (1998) ("The ejusdem generis rule requires that general terms appearing in a statute in connection with specific terms are to be given meaning and effect only to the extent that the general terms suggest items similar to those designated by the specific terms.") (quoting Dean v. McFarland, 81 Wn.2d 215, 221, 500 P.2d 1244 (1972)).

consistently with the more specific preceding words, "friend, neighbor, relative," to mean a person with an analogous relationship to the householder. A subcontractor paid to perform work for a general contractor is significantly different from a friend, relative or neighbor helping out. MTC cites no authority or rule of construction supporting a contrary interpretation.

In context, the exemption recognizes a householder's private interest in performing work on their own residence. Exempting work by subcontractors on property owned by general contractors would raise the risk of hazardous electrical installations on new home construction sites. This is inconsistent with the obvious intent underlying the statutes: to protect the public and workers, including unlicensed subcontractor employees pressured to install electrical equipment.

The trial court's conclusion that MTC committed the violations and that the householder exemption did not apply is consistent with the plain meaning of the statutes and is amply supported by the undisputed factual findings.

MTC's assertion that it did not conduct an "electrical installation" is not persuasive. "[I]nstallation" is defined in WAC 296-46B-100(37) as "the act of installing, connecting, repairing, modifying, or otherwise performing work on an electrical system, component, equipment, or wire." MTC does not dispute that it connected an electrical wire and provides no authority that this act was not an electrical installation.

MTC argues that it did not violate RCW 19.28.041 because it did not hold itself out as being engaged in the electrical trade and was thus not an electrical contractor subject to the statute. But RCW 19.28.006(8) defines an "electrical contractor" as a "person . . . corporation, or other entity that . . . undertakes . . . the work of installing . . .

7

wires or equipment that convey electrical current." MTC provides no authority that it did not act as an electrical contractor when it installed wires that convey electrical current.

MTC asserts that the Department's investigation was negligent because it did not determine whether the exemption applied. However, the uncontested facts do not support the conclusion that the investigation was negligent, that a more thorough investigation was called for, or that further investigation would have demonstrated that the exemption applies.

MTC argues for the first time on appeal that the citations violated article I, section 7 of the Washington Constitution, which provides that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law." MTC contends that Gilbertson had the "constitutional right to perform electrical work on his own property" and therefore, Moen's actions "as his agent" are "also constitutionally protected."[10] But where a party fails to raise a constitutional issue below, an appellate court will consider the argument under RAP 2.5(a) only if the party demonstrates a manifest error affecting a constitutional right.[11] A "manifest error" is shown where the error is obvious and had practical and identifiable consequences.[12] MTC's argument is merely conclusory. Because MTC makes no showing of a manifest constitutional error, the issue is waived.

MTC contends that the Department's action was arbitrary and capricious. MTC has the burden of proving its assertion that an agency's action was arbitrary and

---

[10] Appellant's Br. at 31.

[11] State v. Gordon, 172 Wn.2d 671, 676, 260 P.3d 884 (2011).

[12] Id.

capricious[13] and that the agency action was willful and unreasoning, taken in plain disregard of the factual circumstances.[14]  MTC makes no such showing.

Affirmed.

WE CONCUR:

---

[13] RCW 34.05.570(1)(a).

[14] City of Redmond v. Cent. Puget Sound Growth Mgmt. Hearings Bd., 136 Wn.2d 38, 46-47, 959 P.2d 1091 (1998).