[Nos. 84555-7; 84764-9. En Banc.]
Argued June 14, 2011. Decided September 15, 2011.

TERRY L. WILLIAMS ET AL., *Respondents,* v. ATHLETIC
FIELD, INC., *Petitioner.*

HOS BROS. CONSTRUCTION, INC., *Appellant,* v. C19-1 SHOTWELL,
LLC, ET AL., *Respondents.*

684

*Kirk R. Wines*; and *John L. O'Brien* (of *O'Brien Law Firm PLLP*), for petitioners.

*Jeffrey G. Frank, Neil A. Dial,* and *Colm Nelson* (of *Foster Pepper PLLC*); and *Todd C. Hayes* (of *Harper Hayes PLLC*), for appellants.

*Klaus O. Snyder* and *Kelly J. Faust Sovar* (of *Snyder Law Firm*), for respondents Williams.

*Richard E. Spoonemore* (of *Sirianni Youtz Meier & Spoonemore*); and *Joseph E. Shickich Jr.,* and *George E. Frasier* (of *Riddell Williams PS*), for respondent BF-THAR LLC.

*Michael P. Grace* and *Daniel C. Carmalt* on behalf of Associated General Contractors of Washington, amicus curiae.

*Robert W. Sargeant, Marshall L. Ferguson,* and *Daniel W. Ferm* on behalf of Washington Land Title Association, amicus curiae.

¶1 FAIRHURST, J. — RCW 60.04.091(2) requires mechanics' liens to be "acknowledged pursuant to chapter 64.08 RCW"—that is, an authorized person must certify in writing that the signor executed the lien freely and voluntarily. RCW 64.08.050. RCW 60.04.091(2) also includes a sample claim of lien that the statute states "shall be sufficient" but that does not include language satisfying the acknowledgment requirement. Contractors Athletic Fields Inc. (AFI) and Hos Bros. Construction Inc. each filed claims of lien that used the sample form and did not contain certificates of acknowledgment. In each case, the lower court concluded the lien was invalid. We disagree and hold that a claim of lien in the sample form is valid despite the absence of a proper acknowledgment.

## I. FACTUAL AND PROCEDURAL HISTORY

¶2 As these consolidated cases have different procedural postures and facts, we address each case in turn.

## Williams

¶3 During spring 2004, Terry L. and Janis E. Williams entered into an oral contract with AFI under which AFI would perform building preparation work on the Williamses' property in Sumner, Washington. The required work was valued at $419,925. Between June and November 2004, AFI performed some portion of work, for which the Williamses paid it approximately $150,000. In November 2004, the Williamses terminated their agreement with AFI and told AFI's president, Craig Starren, to leave the jobsite.

¶4 AFI contacted LienData USA Inc., a lien filing agency, to file a mechanics' lien on AFI's behalf. The lien was filed in December 2004 in the amount of $276,825. The lien listed the claimant as "Athletic Fields Inc." and contained the following signature block:

*Lien*Data USA,Inc.
AGENT FOR CLAIMANT
P.O. Box 1120
Bothell, WA 98041-1120

Athletic Fields Inc.
CLAIMANT
21620 SE May Valley
Issaquah, WA 98027

STATE OF WASHINGTON )
 ) ss.
COUNTY OF KING )

Rebecca Southern, being sworn, says:
 I am the claimant (or attorney of the claimant, or administrator, representative, or agent of the trustees of an employee benefit plan) above named; I have read or heard the foregoing claim, read and know the contents thereof, and believe the same to be true and correct and that the claim of lien is not frivolous and is made with reasonable cause, and is not clearly excessive under penalty of perjury.

Rebecca Southern

SUBSCRIBED AND SWORN to before me this 1st day of December, 2004.

Judi M. Elsbree
NOTARY PUBLIC in and for the
State of Washington, residing at Bothell.
My Commission expires: 08/18/07

Clerk's Papers (CP) (Williams) at 12-13. According to AFI, the signor, Rebecca Southern, is an employee of LienData.

¶5 The Williamses challenged the lien in Pierce County Superior Court under RCW 60.04.081, which establishes a special procedure for challenging frivolous mechanics' liens. The Williamses argued the lien was frivolous because it was not signed by AFI or AFI's attorney, in violation of RCW 60.04.091(2), and because AFI could not demonstrate that the Williamses owed it any money. In support of the motion, the Williamses submitted the declarations of Terry Williams and Norman Hubbard, who maintained that Hubbard's company, PowerCo, was the general contractor on the project. Hubbard stated that in 2004, he also worked for AFI as an independent contractor. Williams and Hubbard estimated that AFI performed less than one-third of the required work and should have been paid only $120,000.

¶6 In opposition to the Williamses' motion to remove the lien, AFI argued that the lien was not frivolous because LienData's employee's signature fulfilled the requirements of RCW 60.04.091(2) and because AFI was, in fact, owed money by the Williamses. Starren's supporting declaration alleged that Hubbard was a full-time, salaried employee of AFI while AFI worked on the Williamses' property and that AFI completed 90 percent of the work described in the estimate, plus additional tasks costing $50,000.

¶7 A commissioner of the superior court concluded that the lien was frivolous because "the Lien filed and recorded for the Defendant by LienDATA, USA, a 'lien filing service' was not signed, under penalty of perjury, by the Claimant (or an officer of the Claimant corporation) or by an attorney for the Claimant, in violation of RCW 60.04.091." CP (Williams) at 136. The commissioner ordered the lien's removal and awarded attorney fees to the Williamses. AFI moved to revise the commissioner's ruling, and a trial judge denied the motion.

¶8 AFI appealed. Division Two of the Court of Appeals originally reversed the trial court, holding that the lien was not frivolous because the signature of LienData's employee was sufficient to establish a valid lien under RCW 60.04-.091. The Court of Appeals then granted reconsideration and withdrew its opinion. In a new opinion, the Court of Appeals held that the lien was invalid, although not frivolous, because it was not acknowledged pursuant to chapter 64.08 RCW, as required by RCW 60.04.091(2). *Williams v. Athletic Field, Inc.*, 155 Wn. App. 434, 228 P.3d 1297 (2010). We granted review. *Williams v. Athletic Field, Inc.*, 169 Wn.2d 1021, 238 P.3d 504 (2010).

## Hos

¶9 In early 2005, Hos entered into a written agreement with C19-1 Shotwell LLC (Shotwell) to do preliminary development work on Shotwell's property. Hos began work around the time it signed the contract and stopped work in March 2006. In August 2006, Hos signed a second written agreement with Shotwell and resumed work. Around the same time, Hos learned that BankFirst would now be financing the project.

¶10 Through September 2007, Hos worked on the Shotwell jobsite and was paid in full by BankFirst, except for a 10-percent retainage withheld by the bank. In late November 2007, however, BankFirst informed Hos that Shotwell had defaulted on its loan and that Hos would not receive further payments. Hos had not been paid for its work in October or November.

¶11 On November 30, 2007, Hos filed a claim of lien against Shotwell for the unpaid work. The claim of lien listed the claimant as "Hos Bros. Construction, Inc." and included the following signature block:

690

STATE OF WASHINGTON )
 ) ss.

COUNTY OF KING )

_John W. Caunt_ being sworn, says I am the claimant above named. I have read or heard the foregoing claim read and know the contents thereof and believe the same to be true and correct and that the claim of lien is not frivolous and is made with reasonable cause and is not clearly excessive under penalty of perjury and shall be acknowledged pursuant to Chapter 64.08.

 John W. Caunt, President

SUBSCRIBED AND SWORN TO before me this 30th day of November, 2007.

Print Name: MARILYN K. MEADOWS
NOTARY PUBLIC in and for the State of Washington
Residing at Woodinville, Washington
My commission expires May 17, 2008

CP (Hos) at 11-12.

¶12 Hos timely filed a complaint to foreclose the lien in Pierce County Superior Court, naming Shotwell and BankFirst, among others, as defendants. BF-THAR LLC was substituted for BankFirst. BF-THAR moved for summary judgment, arguing that under *Williams*, Hos's lien was invalid because it failed to include an acknowledgment. Hos opposed the motion for summary judgment and moved to amend its lien to include an acknowledgment. The motion to amend also included a request to change the start date and amount of its lien, reiterating a request made in an earlier motion to amend.

¶13 The trial court granted BF-THAR's motion for summary judgment, concluding that the lien "does not substantially comply with Washington's mechanics' lien statute, specifically RCW 60.04.091(2), and is defective as a matter

of law." CP (Hos) at 764. The court therefore declared the lien "invalid and without legal force or effect." *Id.* The court denied Hos's motion to amend its lien and certified the case for immediate appeal.

¶14 Hos moved for our direct review. We retained the case and consolidated it with *Williams*.

## II. ANALYSIS

A. Are AFI's claims moot because the statute of limitations on filing an enforcement action for its lien has passed?

¶15 The Williamses first argue that AFI's claims are moot because AFI did not file an enforcement action within eight months of recording its claim of lien, as required by RCW 60.04.141. RCW 60.04.141 states in relevant part,

> *No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months* after the claim of lien has been recorded unless an action is filed by the lien claimant within that time in the superior court in the county where the subject property is located to enforce the lien, and service is made upon the owner of the subject property within ninety days of the date of filing the action.

(Emphasis added.) Here, AFI's lien bound the property only between the date the lien was filed, December 6, 2004, and the date it was released by the trial court's order, July 15, 2005. Because AFI's lien bound the property for less than eight months, RCW 60.04.141 by its terms does not preclude AFI from seeking enforcement of the reinstated lien.

B. Is a claim of lien proper when it uses the sample form language in RCW 60.04.091(2) but does not contain a certificate of acknowledgment?

¶16 AFI and Hos argue that, although their liens were not acknowledged pursuant to chapter 64.08 RCW, the liens were valid because they used the language of the

sample claim of lien. RCW 60.04.091(2) provides in part that a claim of lien "shall be acknowledged pursuant to chapter 64.08 RCW." An " '[a]cknowledgment' " is a statement by a person that he or she executed an instrument freely and voluntarily, and, if the person signed in a representative capacity, that the person had proper authority to do so. RCW 42.44.010(4). Chapter 64.08 RCW sets forth various requirements for acknowledgments, including what evidence shall establish a proper acknowledgment. Specifically, RCW 64.08.050 states that the person taking an acknowledgment "shall certify the same by a certificate written upon or annexed to the instrument." The certificate must state in substance that the signor, who is known to the person taking the acknowledgment by satisfactory evidence, executed the document freely and voluntarily. RCW 64.08.050. RCW 64.08.060 and .070 provide sample certificates of acknowledgment for individuals and corporations, respectively. Those statutes indicate that the short forms for certificates of acknowledgment set forth in RCW 42.44.100(1) and (2) also shall be sufficient evidence of an acknowledgment.

¶17 After requiring an acknowledgment, RCW 60.04-.091(2) goes on to say that "[a] claim of lien substantially in the following form shall be sufficient." The statute then provides a sample form that contains the following language:

> . . . . . . . . , being sworn, says: I am the claimant (or attorney of the claimant, or administrator, representative, or agent of the trustees of an employee benefit plan) above named; I have read or heard the foregoing claim, read and know the contents thereof, and believe the same to be true and correct and that the claim of lien is not frivolous and is made with reasonable cause, and is not clearly excessive under penalty of perjury.
>
> . . . . . . . . . . . . . . . . . . .
> Subscribed and sworn to before me this . . . . day of . . . . . . .
> . . . . . . . . . . . . . . . . . . .
>
> . . . . . . . . . . . . . . . . . . .

RCW 60.04.091(2). The sample form does not contain language indicating that the lien was executed freely and voluntarily or any other language indicating a properly taken acknowledgment under chapter 64.08 RCW.

¶18 In interpreting statutes, we begin by considering the statute's plain meaning. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 11-12, 43 P.3d 4 (2002). If the statute is ambiguous, we may consider aids to interpretation. *Id.* at 12. A statute is ambiguous if it is susceptible to two or more reasonable interpretations. *Burton v. Lehman*, 153 Wn.2d 416, 423, 103 P.3d 1230 (2005).

¶19 We conclude that RCW 60.04.091(2) is ambiguous regarding whether an acknowledgment is required when a claimant submits a claim of lien substantially in the sample form. It is reasonable to conclude that the sample form effectively creates an exception to the acknowledgment requirement for those who use the form. This conclusion flows from the statute's statement that "[a] claim of lien substantially in the following form *shall be sufficient*," along with the statute's structure. *Id.* (emphasis added). RCW 60.04.091(1) and (2) list a number of substantive requirements for a claim of lien. Each of these substantive requirements corresponds to an element in the sample form. For example, RCW 60.04.091(2) states that "[i]f the lien has been assigned, the name of the assignee shall be stated." Correspondingly, item eight of the sample lien form reads, "IF THE CLAIMANT IS THE ASSIGNEE OF THIS CLAIM SO STATE HERE." RCW 60.04.091(2). Following this pattern, the substantive requirement of acknowledgment should correspond to the sample form's "subscribed and sworn" language.

¶20 Alternately, it is reasonable to conclude that the statute requires the claimant to append a certificate of acknowledgment to the claim of lien. This interpretation is supported by the statutory requirement that the person taking an acknowledgment "shall certify the same by a

certificate written upon *or annexed to* the instrument acknowledged." RCW 64.08.050 (emphasis added).[1]

¶21 The Court of Appeals in *Williams* did not recognize the same ambiguity, concluding that AFI's lien was invalid because it did not contain a proper corporate acknowledgment indicating that Southern was a representative of AFI. 155 Wn. App. at 443. In so holding, the court relied largely on *Ben Holt Industries, Inc. v. Milne*, 36 Wn. App. 468, 675 P.2d 1256 (1984), which held that a lease was invalid because the lessors used the individual, rather than the corporate, form of acknowledgment. *Ben Holt* is inapposite, as nothing in the statute requiring a lease to be acknowledged simultaneously suggested that a corporate acknowledgment was unnecessary or that alternate language would be acceptable. In contrast, the mechanics' lien statute at issue here states that the sample form "shall be sufficient" even though it does not contain an acknowledgment. RCW 60.04.091(2). Under the Court of Appeals' reasoning, no claim of lien using the sample form—regardless of whether the claimant was corporate or individual—would be adequate to establish a valid lien.

¶22 Because the language of RCW 60.04.091(2) is ambiguous, we must look beyond the statute's plain language to interpret it. The parties cite dueling canons of construction regarding whether RCW 60.04.091(2) should be interpreted liberally or strictly. AFI and Hos contend that RCW 60.04.091(2) must be liberally construed on the basis of RCW 60.04.900, which provides that "RCW . . . 60.04.011

---

[1] While we agree that it is reasonable to read RCW 60.04.091(2) as requiring the certificate of acknowledgment to be appended to the claim of lien, we disagree with BF-THAR's argument that this interpretation is supported by comparison to Washington's real property statutes. At the beginning of the chapter governing conveyances of real property, RCW 64.04.020 states that every deed shall be acknowledged. The following three statutes then give sample language for warranty, bargain and sale, and quitclaim deeds. RCW 64.04.030-.050. These sample deeds do not contain blanks for a signature by the grantor or a notary; they merely suggest adequate language for particular types of transfers. In contrast, the sample form in RCW 60.04.091(2) purports to be complete, including a signature line for both the lien claimant and a notary.

through 60.04.226 . . . are to be liberally construed to provide security for all parties intended to be protected by their provisions." The Court of Appeals, however, relied on the oft-stated principle that mechanics' liens are strictly construed because they are in derogation of the common law. *Williams*, 155 Wn. App. at 441 (citing *Dean v. McFarland*, 81 Wn.2d 215, 219-20, 500 P.2d 1244 (1972)). BF-THAR agrees that strict construction is appropriate.

¶23 When the "strict construction" rule originated, it was limited to determining whether people or services came within the scope of the mechanics' lien statutes' protections. As an early Washington case explained,

> Statutes creating liens are in derogation of the common law and are to receive a strict construction. *Tsutakawa v. Kumamoto*, 53 Wash. 231, [101 P. 869, 102 P. 766 (1909)]. Their operation will not be extended for the benefit of those who do not clearly come within the terms of the act. It is true that § 1209, Rem. Comp. Stat. provides that the lien laws shall be liberally construed with the view to effecting their object. *This means that when it has been determined that persons come within the operation of the act it will be liberally applied to them.*

*De Gooyer v. Nw. Trust & State Bank*, 130 Wash. 652, 653, 228 P. 835 (1924) (emphasis added) (citation omitted), *adhered to on reh'g*, 132 Wash. 699, 232 P. 695 (1925). Accordingly, Hos argues, courts properly apply the rule of strict construction to determine whether the mechanics' lien statutes encompass certain services or property. *E.g., Estate of Haselwood v. Bremerton Ice Arena, Inc.*, 166 Wn.2d 489, 210 P.3d 308 (2009) (whether mechanics' lien can attach to improvements on property but not the real property itself); *Dean*, 81 Wn.2d 215 (whether subcontractor's labor in demolishing a building was a lienable service); *De Gooyer*, 130 Wash. 652 (whether pruning, spraying, cultivating, and irrigating orchard were lienable services); *Tsutakawa*, 53 Wash. 231 (whether provisions, groceries, and camp equipment were lienable materials); *Pac. Indus.,*

*Inc. v. Singh*, 120 Wn. App. 1, 86 P.3d 778 (2003) (whether property developer's work was a lienable service).

¶24 BF-THAR points out, however, that more recent cases have expanded the rule of strict construction beyond identifying what services or property the mechanics' lien statutes protect. In *Lumberman's of Washington, Inc. v. Barnhardt*, 89 Wn. App. 283, 286, 949 P.2d 382 (1997), the Court of Appeals applied the rule of strict construction in determining whether a lien was valid where the claimant failed to sign a statement swearing it believed the claim of lien to be just. The court stated:

> Although RCW 60.04.900 states that the lien statutes are to be liberally construed to provide security for all parties intended to be protected by their provisions, case law has established that mechanics' and materialmen's liens are creatures of statute, in derogation of common law, and therefore must be strictly construed *to determine whether a lien attaches*.

*Id.* (emphasis added); *see also Schumacher Painting Co. v. First Union Mgmt., Inc.*, 69 Wn. App. 693, 850 P.2d 1361 (1993) (citing rule of strict construction in determining whether service on actual owner of property must be accomplished by statutory 90-day deadline in action to enforce lien); *Town Concrete Pipe of Wash., Inc. v. Redford*, 43 Wn. App. 493, 497, 717 P.2d 1384 (1986) (applying rule of strict construction to determine whether receipt of "stop notice" provision under former RCW 60.04.210 (1984), *repealed by* Laws of 1991, ch. 281, § 31, prevented lender from foreclosing its mortgage).

¶25 We agree with Hos that the appropriate way to view the competing canons of strict and liberal construction is found in our early cases. The strict construction rule, at its origin, was invoked to determine whether persons or services came within the statute's protection. Expanding the rule of strict construction beyond this inquiry effectively nullifies RCW 60.04.900. As Hos explains, "[A]pplying a 'liberal construction' to RCW 60.04.091 only *after* a valid lien is deemed to attach would make no sense. At that point

— when by definition the claimant has a valid lien — nothing in RCW 60.04.091 would matter to the claimant." Appellant's Reply Br. at 3. To the extent *Lumberman's* or other cases suggest that the statute's mandate of liberal construction has been supplanted by a common law rule of strict construction, we disapprove them.

¶26 Here, there is no dispute in *Williams* or *Hos* that the claimants provided lienable services and claimed their liens against the appropriate property. Rather, the dispute is about whether the form of lien is proper. The claimants are therefore parties "intended to be protected" by the statute, RCW 60.04.900, and we will liberally construe the statute to protect them.

¶27 A liberal reading of RCW 60.04.091 requires protecting contractors who relied on the statute's assurance that claims of lien using the sample form shall be sufficient. "[I]n an industry where the vast majority of participants who contribute work and materials are not represented by legal counsel and lack the financial resources to purchase sophisticated legal services, the simplicity and reliability of the mechanics['] lien procedures established by the legislature are of paramount importance." Br. of Amicus AGC of Washington at 2; *see also Fircrest Supply, Inc. v. Plummer*, 30 Wn. App. 384, 388, 634 P.2d 891 (1981) ("[A] lien claimant will frequently fill out the claim form himself. It does not appear that the legislature intended to burden the construction industry with the obligation to research title before each claim of lien."). There is no suggestion that AFI or Hos acted fraudulently in filing its claim of lien. They should not be punished for relying on a sample form that the statute says is sufficient.

¶28 BF-THAR argues that *Lumberman's* requires the opposite result. In *Lumberman's*, the claim of lien was signed and notarized, but the claimant did not sign a statement swearing it believed the claim to be just. 89 Wn. App. at 285. Noting the complete lack of a sworn oath, the court concluded that "[t]his is more than a scrivener's

error. [The claimant] was not in substantial compliance under either the former or the current statute." *Id.* at 289 (citation omitted); *see also Flag Constr. Co. v. Olympic Blvd. Partners*, 109 Wn. App. 286, 34 P.3d 1250 (2001) (where lien claimant did not sign statement that it believed the lien's contents to be true under penalty of perjury, lien was invalid).

¶29 As already discussed, *Lumberman's* incorrectly applied the rule of strict construction. Additionally, *Lumberman's* is distinguishable. There, the oath that the claimant failed to sign was included in the sample claim of lien; nothing in the statute suggested it was optional. Without the claimant's signature, "there was no evidence whatsoever that the claimant was placed under oath with respect to the good faith of the claim." *Lumberman's*, 89 Wn. App. at 287. Here, in contrast, representatives of AFI and Hos did swear that they believed the liens to be true and correct under penalty of perjury. Nothing in their failure to sign an acknowledgment indicated they did not believe in the truth of the liens' contents.

¶30 In sum, because the language of RCW 60.04.091 is ambiguous, we apply the doctrine of liberal construction and conclude that the sample form, standing alone, is sufficient to establish a claim of lien. AFI's and Hos's liens were valid and should be reinstated.

C. Was AFI's lien frivolous or invalid because it was signed by an employee of LienData, not by AFI or AFI's attorney?

¶31 The Williamses argue that AFI's lien is frivolous and invalid because LienData did not have authority to sign the lien on AFI's behalf. Specifically, the Williamses believe that the sample form's verification statement, which states that "I am the claimant (or attorney of the claimant, or administrator, representative, or agent of the trustees of an employee benefit plan)," substantively limits who can sign the claim of lien to the listed parties. RCW 60.04.091(2). The

trial court concluded the lien was frivolous on this ground. The Court of Appeals disagreed, holding that although AFI's lien was invalid because it lacked a proper acknowledgment, it was not frivolous because "the construction of RCW 60.04.091 presented a debatable issue of law." *Williams*, 155 Wn. App. at 446.

¶32 RCW 60.04.081 "creates a summary proceeding in which a property owner may quickly obtain the release of a lien that is frivolous and made without reasonable cause or is clearly excessive." *W.R.P. Lake Union Ltd. P'ship v. Exterior Servs., Inc.*, 85 Wn. App. 744, 749, 934 P.2d 722 (1997). Invalid liens are not always frivolous; "[t]o be frivolous, the lien must be improperly filed 'beyond legitimate dispute.'" *Intermountain Elec., Inc. v. G-A-T Bros. Constr.*, 115 Wn. App. 384, 394, 62 P.3d 548 (2003) (quoting *W.R.P.*, 85 Wn. App. at 752). A frivolous lien "presents no debatable issues and is so devoid of merit that it has no possibility of succeeding." *Id.*

¶33 Here, AFI's lien is neither invalid nor frivolous because it was signed by LienData. Regarding validity, the argument that only AFI or its attorney could sign the claim of lien is unsupported by the statute's plain language. RCW 60.04.091(2) states that the claim "[s]hall be signed by the claimant or some person authorized to act on his or her behalf." While the sample form mentions only three possible signors, the form simply gives language that "shall be sufficient" to establish a claim of lien. It does not purport to exclude possible signors or otherwise substantively limit who can file the claim of lien. If the sample form set substantive limits on the contents of a claim of lien, the vast majority of RCW 60.04.091 would be superfluous; only the sample form would be necessary.

¶34 Given that LienData's signature is not a reason to invalidate the lien, the signature clearly did not render AFI's lien frivolous. Whether an agent can sign for a claimant under RCW 60.04.091(2) is at least a debatable issue of law, if not clearly resolved in favor of AFI. The

parties agree that AFI did substantial work on the Williamses' property, and AFI filed its lien for an amount well below the estimated value of the work. We conclude that the claim of lien was not frivolous.

D. Are the Williamses or AFI entitled to attorney fees under the "frivolous lien" statute?

¶35 Both AFI and the Williamses claim they are entitled to attorney fees under RCW 60.04.081(4), which provides:

> If, following a hearing on the matter, the court determines that the lien is frivolous and made without reasonable cause, or clearly excessive, the court shall issue an order . . . awarding costs and reasonable attorneys' fees to the applicant to be paid by the lien claimant. If the court determines that the lien is not frivolous and was made with reasonable cause, and is not clearly excessive, the court shall issue an order so stating and awarding costs and reasonable attorneys' fees to the lien claimant to be paid by the applicant.

¶36 This statute directs the superior court to award attorney fees to the party that prevails in a frivolous lien proceeding on the issue of whether the lien is frivolous or excessive. Attorney fees have also been awarded for appellate proceedings under this provision. *Intermountain*, 115 Wn. App. at 395-96; *W.R.P.*, 85 Wn. App. at 753. However, in reviewing a decision, an appellate court may take action as required by the merits of the case and the interests of justice. RAP 12.2. In this unique instance, given that both parties reasonably interpreted the ambiguous acknowledgment requirement in RCW 60.04.091(2), we think it would be inequitable for one party alone to bear the costly burden of this litigation. In the interest of justice, we do not award attorney fees to either party for the trial or appellate proceedings.

E. Did the trial court abuse its discretion by not allowing Hos to amend its lien?

¶37 Hos moved to amend its lien to include a certificate of acknowledgment, change the date Hos began work, and change the amount of the lien. The court denied Hos's motion. Because we conclude that Hos's lien was valid without a certificate of acknowledgment, Hos's request to include such a certificate is now moot. The issue remains whether Hos can amend the start date and amount of its reinstated lien. That question involves a complex, fact-intensive analysis of prejudice that we are ill equipped to undertake on the record and briefing before us. We therefore vacate the trial court's denial of Hos's motion to amend and remand for consideration of whether Hos can amend the start date and amount of its lien.

## III. CONCLUSION

¶38 We hold that a mechanics' lien substantially in the form of the sample set forth in RCW 60.04.091(2) is sufficient to establish a valid claim of lien even if the document is not acknowledged pursuant to chapter 64.08 RCW. Accordingly, we reverse the Court of Appeals in *Williams* and the trial court in *Hos* to the extent they held that the claimants' liens were invalid due to the lack of an acknowledgment. We affirm the Court of Appeals' conclusion that AFI's lien was not frivolous. We remand for reinstatement of the liens and for the trial court in *Hos* to consider Hos's motion to amend the start date and amount of its reinstated lien. Finally, we deny AFI's and the Williamses' requests for attorney fees, leaving both parties responsible for their own attorney fees.

MADSEN, C.J., and C. JOHNSON, ALEXANDER, CHAMBERS, OWENS, J.M. JOHNSON, STEPHENS, and WIGGINS, JJ., concur.