# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| FRANCISCO GUILLEN, ROBERTO GUILLEN, HECTOR FIERRO, MARTIN GUILLEN AND JOSE TIMOTEO, | No. 48058-1-II |
| Appellants, | |
| v. | PUBLISHED OPINION |
| BENJAMIN PEARSON, VULCAN MOUNTAIN CONSTRUCTION, ABSI BUILDERS, INC., CBIC, RLI INSURANCE CO., GRAVELLY LAKE TOWNHOMES, LLC, | |
| Defendants, | |
| and | |
| MILESTONE AT WYNNSTONE LLC, MILESTONE AT WYNNSTONE 2 LLC, AND RED CANOE CREDIT UNION, | |
| Respondents. | |

MAXA, J. – Francisco Guillen, Roberto Guillen, Martin Guillen, Hector Fierro, and Jose Timoteo (collectively the laborers) were employees of ABSI Builders, Inc., which was a framing subcontractor on an apartment construction project owned by Milestone at Wynnstone, LLC (Milestone). When ABSI did not pay the laborers their wages, they filed a construction lien under RCW 60.04.021 against Milestone's property and then sued to foreclose the lien. After suit was filed, Milestone transferred ownership of the property to Milestone at Wynnstone 2,

LLC (Milestone 2), and Red Canoe Credit Union recorded a deed of trust regarding the property. The laborers later filed and served a supplemental complaint adding lien claims against Milestone 2 and Red Canoe.

Under RCW 60.04.021, any person furnishing labor for the improvement of real property is entitled to a lien on that property for the contract price of labor furnished at the instance of the owner's "construction agent." RCW 60.04.011(1) defines "construction agent" as a contractor, subcontractor, architect, engineer, or other person having charge of any improvement to real property. Milestone argued on summary judgment that ABSI was not its construction agent, and the trial court granted summary judgment in favor of all defendants.

We hold that (1) the plain language of RCW 60.04.021 entitles individual laborers to construction liens for their labor if their work was furnished at the instance of the owner or the owner's agent or construction agent; (2) the laborers are entitled to a lien under RCW 60.04.021 because they furnished work at the instance of ABSI, which (a) as a subcontractor was Milestone's "construction agent" under RCW 60.04.011(1), or in the alternative, (b) was Milestone's construction agent because it had charge of an improvement to Milestone's real property; and (3) based on the laborers' unchallenged argument, Milestone 2 and Red Canoe were timely added as defendants and timely served after Milestone 2 acquired the property.

Accordingly, we reverse the trial court's summary judgment orders and remand for further proceedings.

## FACTS

Milestone owned real property in Puyallup on which it planned to construct apartment buildings. Milestone contracted with ABSI to "[p]rovide labor, material and equipment" to

frame the buildings. Clerk's Papers (CP) at 68. The contract was entitled "Subcontract" and described ABSI as a "subcontractor," and made ABSI "responsible for the design, engineering, construction details, and other aspects of its work hereunder." CP at 68-69. The scope of work included construction of exterior and interior walls, floors and roofs, and installation of trusses, sheeting, windows, and sliding doors.

ABSI employed the laborers to perform framing work on the Milestone project. The laborers worked on the Milestone project from April 11 to April 26, 2014. They alleged that ABSI failed to pay $9,914 in wages for the work they performed.

On May 27, the laborers filed a construction lien against the Milestone property in the amount of the owed wages. On June 4, they filed their complaint against Milestone in superior court, seeking to foreclose the lien.[1] After the laborers had filed their lien and complaint, Milestone transferred ownership in the property to Milestone 2 by quitclaim deed and Red Canoe recorded a deed of trust on the property. The trial court granted the laborers' motion to supplement their complaint to add Milestone 2 and Red Canoe as parties and the laborers filed a "supplemental complaint" on November 12. Red Canoe was served on December 30 and Milestone 2 was served on January 27, 2015.

Milestone moved for summary judgment on the lien foreclosure claim, arguing that ABSI was not Milestone's construction agent as a matter of law. The trial court granted summary judgment in favor of Milestone. Milestone 2 and Red Canoe later moved for summary judgment

---

[1] The laborers' complaint named a number of other defendants who are not party to this appeal. The complaint also asserts other causes of action, but only the lien foreclosure on the Milestone property is at issue in this appeal.

on the lien foreclosure claim, arguing that ABSI was not Milestone's construction agent as a matter of law and that the laborers did not timely commence the action against or timely serve Milestone 2. The trial court granted summary judgment in favor of Milestone 2 and Red Canoe.

The laborers appeal the trial court's orders granting summary judgment in favor of Milestone, Milestone 2, and Red Canoe.

## ANALYSIS

A.    LEGAL PRINCIPLES

1.   Standard of Review

When a summary judgment order is based on an issue of statutory interpretation, we review de novo the trial court's interpretation of the statute and its application to the case facts. *Blue Diamond Grp., Inc. v. KB Seattle 1, Inc.*, 163 Wn. App. 449, 453-54, 266 P.3d 881 (2011). We review the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Keck*, 184 Wn.2d at 370.

2.   Construction Lien Statute

RCW 60.04.021 describes who is entitled to a construction lien:

> Except as provided in RCW 60.04.031, *any person furnishing labor*, professional services, materials, or equipment *for the improvement of real property* shall have a lien upon the improvement for the contract price of labor, professional services, materials, or equipment furnished at the instance of the owner, or the agent *or construction agent of the owner*.

4

(Emphasis added.) "Labor" means the "exertion of the powers of body or mind performed at the site for compensation." RCW 60.04.011(7). "Improvement" includes "constructing" upon any real property. RCW 60.04.011(5)(a).

The key issue here is whether ABSI was Milestone's "construction agent." RCW 60.04.011(1) defines "construction agent" as "any registered or licensed contractor, registered or licensed subcontractor, architect, engineer, or other person having charge of any improvement to real property, who shall be deemed the agent of the owner for the limited purpose of establishing the lien created by this chapter."

### 3.    Principles of Statutory Interpretation

Statutory interpretation is a matter of law that we review de novo. *Jametsky v. Olsen*, 179 Wn.2d 756, 761, 317 P.3d 1003 (2014). The purpose of statutory interpretation is to determine and give effect to the legislature's intent. *Gray v. Suttell & Assocs.*, 181 Wn.2d 329, 339, 334 P.3d 14 (2014). To determine legislative intent, we first look to the plain language of the statute, considering the text of the provision, the context of the statute, related provisions, and the statutory scheme as a whole. *Id.*

When discerning a statute's plain meaning, we employ traditional rules of grammar. *Id.* If the statute defines a term, we must rely on that provided definition. *Blue Diamond*, 163 Wn. App. at 454. If a statutory term is undefined, we may use a dictionary to determine its plain meaning. *Nissen v. Pierce County*, 183 Wn.2d 863, 881, 357 P.3d 45 (2015).

A statute is unambiguous if the plain language of the statute is susceptible to only one reasonable interpretation. *See Gray*, 181 Wn.2d at 339. When a statute is unambiguous, we

apply the statute's plain meaning as an expression of legislative intent without considering other sources of such intent. *Jametsky*, 179 Wn.2d at 762.

B.      PERSONS ENTITLED TO CONSTRUCTION LIEN

It is undisputed in this case that the laborers furnished labor for the improvement of Milestone's real property as required under RCW 60.04.021. But Milestone argues that only licensed contractors who contract to perform work on real property have construction lien rights under RCW 60.04.021 and employees of such contractors do not. We disagree.

RCW 60.04.021 states that "any person furnishing labor" is entitled to a lien. The statute does not define the term "person," so we look to the dictionary for the word's plain meaning. *Nissen*, 183 Wn.2d at 881. The dictionary definition of person is "an individual human being." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1686 (2002). Labor is defined by statute as "exertion of the powers of body or mind performed at the site for compensation." RCW 60.04.011(7).

Here, a plain reading of RCW 60.04.021 indicates that the laborers are "any person furnishing labor." The laborers are individual human beings who constructed the framing of the buildings in exchange for compensation from ABSI. The statute does not define "person" as a licensed contractor, nor does the statute indicate that "person" excludes employees of a licensed contractor. And Milestone cites no authority supporting such a limitation. Milestone's argument that the laborers are not entitled to a lien because they are unlicensed employees would require us to read into the statute requirements that do not exist in the plain language.[2]

---

[2] In addition, RCW 60.04.011(11) defines a "[p]otential lien claimant" as someone who is registered or licensed "*if required* to be licensed or registered by the provisions of the laws of the

Accordingly, we hold that the laborers are persons who are entitled to a lien under RCW 60.04.021.

C.      SUBCONTRACTOR'S STATUS AS CONSTRUCTION AGENT

The laborers argue that they were entitled to a construction lien under RCW 60.04.021 because ABSI was Milestone's construction agent as defined in RCW 60.04.011(1). We agree.

1.      Inapplicability of "Having Charge of Any Improvement" Requirement

RCW 60.04.011(1) defines construction agent as "any registered or licensed contractor, registered or licensed subcontractor, architect, engineer, or other person *having charge of any improvement to real property*." (Emphasis added.) The parties dispute whether the italicized language modifies each of the categories of persons listed (Milestone's argument) or only modifies "other person" (the laborers' argument).

Milestone argues that RCW 60.04.011(1) should be interpreted as if the italicized language applied to each category of potential construction agents: "any registered or licensed contractor [having charge of any improvement to real property], registered or licensed subcontractor [having charge of any improvement to real property], architect [having charge of any improvement to real property], engineer [having charge of any improvement to real property], or other person having charge of any improvement to real property." Under this interpretation, a registered or licensed subcontractor must have charge of any improvement to real property in order to meet the definition of construction agent.

---

state of Washington." (Emphasis added.) No statute requires that laborers be licensed or registered.

The laborers argue that RCW 60.04.011(1) should be interpreted as identifying five separate categories of persons who constitute construction agents: "any (1) registered or licensed contractor, (2) registered or licensed subcontractor, (3) architect, (4) engineer, or (5) other person having charge of any improvement to real property." Under this interpretation, a registered or licensed subcontractor is a construction agent without an additional requirement of having charge of any improvement to real property.

We agree with the laborers and hold that all subcontractors that contract to work on a project fall within the definition of construction agent in RCW 60.04.011(1).

a. Last Antecedent Rule

In determining whether the plain language of RCW 60.04.011(1) is ambiguous, we consider the rules of grammar. *Gray*, 181 Wn.2d at 339. One such grammatical rule is the "last antecedent rule." *Id.*; *City of Spokane v. Spokane County*, 158 Wn.2d 661, 673, 146 P.3d 893 (2006). This rule states that a qualifying phrase following a list of terms modifies only the last antecedent term, unless the context suggests a contrary intent. *Spokane*, 158 Wn.2d at 673. If there is a comma before the qualifying phrase, the last antecedent rule does not apply and the qualifying phrase modifies all the antecedent terms. *Id.* Although the laborers rely on this rule, Milestone does not address it.

In this case, the language of RCW 60.04.011(1) contains five antecedent terms – contractor, subcontractor, architect, engineer, and other person – followed by the qualifying phrase "having charge of any improvement." Because there is no comma before that phrase, the last antecedent rule indicates that the phrase only modifies the last antecedent – "other person."

Applying the qualifying phrase only to "other person" yields a reasonable result. The specifically listed categories of potential construction agents are all by their nature parties that are involved with some aspect of property improvement. In fact, RCW 60.04.011(16) defines "subcontractor" as a contractor who "contracts for the improvement of real property." We avoid an interpretation that renders statutory language meaningless or superfluous. *Dep't of Transp. v. City of Seattle*, 192 Wn. App. 824, 838, 368 P.3d 251 (2016). On the other hand, the term "other person" is a broad descriptor that requires some kind of restriction in order to avoid rendering the rest of the definition superfluous.

Based on a traditional rule of grammar, the plain meaning of RCW 60.04.011(1) is that a licensed subcontractor is not required show that it is in charge of any improvement to real property to satisfy the definition of construction agent.

b.    Inapplicability of Strict Construction Rule

Milestone argues that we must strictly construe RCW 60.04.011(1) and RCW 60.04.021 in determining whether ASBI was its construction agent. We disagree.

RCW 60.04.900 states that the lien statutes – expressly including RCW 60.04.011 and RCW 60.04.021 – "are to be liberally construed to provide security for all parties intended to be protected by their provisions." However, the common law rule is that lien statutes must be strictly construed because they are in derogation of common law. *Williams v. Athletic Field, Inc.*, 172 Wn.2d 683, 695, 261 P.3d 109 (2011). The Supreme Court in *Williams* confirmed that the strict construction rule applies to determine whether persons or services come within the scope of the statutory lien. *Id.* at 696-97.

9

But the strict construction rule applies only if a statute is ambiguous. *See id.* at 694 (finding the statute ambiguous before considering which canon of construction to apply); *Estate of Bunch v. McGraw Residential Ctr.*, 174 Wn.2d 425, 432-33, 275 P.3d 1119 (2012) (noting that "[n]either a liberal construction nor a strict construction may be employed to defeat the intent of the legislature, as discerned through traditional processes of statutory interpretation"). As stated above, we hold that RCW 60.04.011(1) is unambiguous based on the last antecedent rule of grammar. Therefore, we hold that strict construction is inapplicable here.

      c.    Inapplicability of *Henifin*

Milestone relies on *Henifin Constr., LLC v. Keystone Constr., G.W., Inc.*, 136 Wn. App. 268, 145 P.3d 402 (2006) to support its interpretation of construction agent as a subcontractor who has charge of any improvement to real property. In that case, Henifin was a subcontractor who filed a lien against improvements made to a McDonald's restaurant after performing work pursuant to change orders approved by Keystone, the project's general contractor. *Id.* at 271-72. The trial court held that Keystone was not the construction agent of McDonald's regarding the change orders because McDonald's did not approve them. *Id.* at 273.

On appeal, Division One of this court held that Keystone was the construction agent of McDonald's. *Id.* at 271. The court repeatedly stated that Keystone was a construction agent because McDonald's placed Keystone in charge of the construction project.

> Because McDonald's Corporation placed general contractor Keystone . . . in charge of constructing its restaurant, RCW 60.04.011(1) deems Keystone to be McDonald's statutory construction agent.

*Id.*

> It is undisputed that Keystone is a registered and licensed contractor that McDonald's placed in charge of constructing its restaurant. This being the case,

according to RCW 60.04.011(1), Keystone is "deemed the agent of the owner for the limited purpose of establishing the lien created by this chapter."

*Id.* at 274.

[H]ere, McDonald's placed Keystone in charge of the construction project. This factual difference is critical because, when McDonald's placed Keystone in charge of the construction project, the statutes deemed Keystone to be McDonald's construction agent for the purposes of establishing a lien.

*Id.* at 275.

Milestone argues that these excerpts show that the court in *Henifin* read the qualifying phrase "having charge of any improvement to real property" in RCW 60.04.011(1) as modifying "licensed contractor." However, the court in *Henifin* did not specifically address this issue and did not analyze the plain meaning of RCW 60.04.011(1). The court was concerned with the *scope* of Keystone's authority. There was no question that Keystone was a construction agent for most purposes; the issue was whether Keystone lost that status for change orders that McDonald's did not approve.

Further, the court's statements are not inconsistent with the laborers' interpretation of RCW 60.04.011(1). It is difficult to conceive of a situation where a general contractor of a project does not "have charge" of that project. Therefore, there would be no need for a separate "having charge of any improvement" requirement for a general contractor.

We hold that *Henifin* is not controlling with regard to interpretation of RCW 60.04.011(1).[3]

---

[3] Milestone also cites a *Washington Practice* section on construction liens that paraphrases the statutory definition of construction agent as "the person having charge of the improvement to real property." 27 MARJORIE DICK ROMBAUER, WASHINGTON PRACTICE: CREDITORS' REMEDIES—DEBTORS' RELIEF § 4.52, at 348 (1998). But this paraphrase does not track the

d.    Summary

We hold that under the plain language of RCW 60.04.011(1), a licensed subcontractor on an improvement to real property is the owner's construction agent without having to show that it had charge of that improvement.

2.    Satisfaction of "Having Charge of Any Improvement" Requirement

Even if we adopted Milestone's interpretation that ABSI must have charge of any improvement in order to be a construction agent, the result here would be the same.  We hold that ABSI's framing work qualifies as "any improvement" to real property and that ABSI had charge of that improvement.

a.    Plain Language Analysis

As discussed above, RCW 60.04.011(1) defines construction agent as "any registered or licensed contractor, registered or licensed subcontractor, architect, engineer, or other person having charge of *any improvement* to real property."  (Emphasis added.)  RCW 60.04.011(5) defines "improvement" as:

> (a) Constructing, altering, repairing, remodeling, demolishing, clearing, grading, or filling in, of, to, or upon any real property or street or road in front of or adjoining the same; (b) planting of trees, vines, shrubs, plants, hedges, or lawns, or providing other landscaping materials on any real property; and (c) providing professional services upon real property or in preparation for or in conjunction with the intended activities in (a) or (b) of this subsection.

The dictionary defines "construct" as "to form, make, or create by combining parts or elements" and does not reference a finished product.  WEBSTER'S at 489.

statutory language and instead rewords the statute.  We disregard this statement and rely on the statutory language and our own analysis.

This case involves the construction of apartment buildings. There is no question that framing apartment buildings constitutes constructing upon real property and therefore falls within the definition of "improvement." And Milestone's subcontract placed ABSI fully in charge of the framing work, making ABSI "responsible for the design, engineering, construction details, and other aspects of its work hereunder." CP at 69. Under the plain language of RCW 60.04.011(1), this means that ABSI had charge of any improvement to real property.

Milestone argues that an improvement under RCW 60.04.011(5) is the finished product and therefore that only the finished apartment buildings and not the framing qualifies as the relevant improvement to the property. But this argument is inconsistent with the language of both RCW 60.04.011(5) and RCW 60.04.011(1). First, Milestone does not explain how the language of RCW 60.04.011(5) supports its argument. RCW 60.04.011(5) does not refer to a "finished product" or to the entire construction project. Instead, the statute identifies many different ways in which real property can be improved. All of those types of improvements most frequently constitute component parts of a larger project.

Second, RCW 60.04.011(1) refers to "any" improvement. This indicates that there are multiple types of improvements that may qualify as the relevant improvement for determining whether an entity is a construction agent. But if RCW 60.04.011(1) referred only to the entire construction project – of which there could be only one – the legislature logically would have referred to "the" improvement. Use of the word "any" means that an entity having charge of any portion of a larger project is a construction agent if that portion meets the definition of improvement.

13

Milestone again relies on *Henifin*, where the court referred to McDonald's placing Keystone "in charge of constructing its restaurant" and "in charge of the construction project" in determining that Keystone was a construction agent. 136 Wn. App. at 274-75. However, the court did not state that *only* licensed contractors who have control over an entire construction project qualify as a construction agent. Instead, the court stated that Keystone, being a licensed contractor in control of a project, clearly met the definition of construction agent. Therefore, we limit the language of *Henifin* to the facts of that case.

b. Public Policy Argument

Milestone makes the policy argument that providing construction lien rights to all employees of contractors or subcontractors no matter how far removed from the owner would make large scale construction projects impossible. We disagree.

Milestone claims that accepting the laborers' interpretation of the statute would mean that on a large construction project multiple employees working for various contractors and subcontractors, the owner would be required to get a lien release from each employee to protect against double payment. But project owners can avoid lien liability in a variety of ways. In fact, Milestone's contract with ABSI contains an express provision addressing liens and providing for Milestone's protection. The contract provides:

> **Liens.** Payment under this Agreement may be withheld until satisfactory waivers of liens, release of liens or evidence of full payment is furnished from all subcontractors, materialmen, *laborers* or others who might be entitled to a lien on the premises upon which work is done or materials furnished under this Agreement, for work or material furnished thereon. Builder is authorized to pay directly Subcontractor's materialmen, *laborers* or subcontractors and deduct said payments from monies owed Subcontractor hereunder.

14

CP at 69 (emphasis added). Under this provision, Milestone could have withheld ABSI's payment until given evidence that ABSI had fully paid its workers or Milestone could have paid the laborers directly and deducted that amount from ABSI's compensation.

### c. Summary

We reject Milestone's argument that to qualify as a construction agent under RCW 60.04.011(1) a subcontractor must have control over an entire construction project. Accordingly, we hold that ABSI was a subcontractor "having charge of any improvement to real property" and therefore was Milestone's construction agent.

### D. ADDING SUBSEQUENT PURCHASERS TO LIEN FORECLOSURE ACTION

In their summary judgment motion, Milestone 2 and Red Canoe asserted that the claims against them were not timely filed or timely served under the lien statutes. On appeal, the laborers argue that Milestone 2 and Red Canoe were properly added and served as parties after Milestone 2 acquired the property from Milestone. Milestone 2 and Red Canoe do not address this issue on appeal. When a respondent elects not to address an issue the appellant raises, we are entitled to make our decision based on the argument and record before us. *See Adams v. Dep't of Labor & Indus.*, 128 Wn.2d 224, 229, 905 P.2d 1220 (1995).

RCW 60.04.091 requires that a person seeking to file a lien under RCW 60.04.021 record the lien claim within 90 days of ceasing labor. Once a lien claim is filed, under RCW 60.04.141 the claimant must file an action on the lien in superior court within eight months and then properly serve the complaint within 90 days of filing. As the laborers point out, (1) they added Milestone 2 and Red Canoe as defendants in the supplemental complaint they filed within eight months of filing their lien, and (2) both Milestone 2 and Red Canoe were served within 90 days

after filing the supplemental complaint. Therefore, in the absence of any argument from Milestone 2 and Red Canoe, it appears that the laborers complied with the requirements of RCW 60.04.141 with regard to their claims against Milestone 2 and Red Canoe.

Based on the laborers' unchallenged argument, we hold that the claim against Milestone 2 and Red Canoe was timely filed and timely served under RCW 60.04.141.

## CONCLUSION

We hold that (1) RCW 60.04.021 entitles individual, unlicensed laborers to construction liens for their labor if their work was furnished at the instance of the owner or the owner's agent or construction agent, (2) the laborers are entitled to a lien because their labor was furnished at the instance of ABSI, which as a subcontractor was Milestone's construction agent, and (3) based on the laborers' unchallenged argument, the laborers timely filed and timely served their lien action against Milestone 2 and Red Canoe. Accordingly, we reverse the trial court's summary judgment orders and remand for further proceedings.

_____
MAXA, J.

We concur:

_____
JOHANSON, J.

_____
BJORGEN, C.J.

16